KENNETH W. IVERSON, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 216, 2009.
Supreme Court of Delaware.
Submitted: May 7, 2009.
Decided: July 16, 2009.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice
This 16th day of July 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The appellant, Kenneth W. Iverson, filed this appeal from the Superior Court's order of April 1, 2009 that denied his motion for reduction/modification of partial confinement. The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the basis that it is manifest on the face of the opening brief that the appeal is without merit.[1]
(2) The record reflects that Iverson pled guilty on October 20, 2005 to one count of Rape in the Third Degree and was sentenced to fifteen years at Level V, suspended after five years and successful completion of the Family Problems program, for one year at Level IV home confinement and nine years at Level III probation. The sentencing order notes that the probation imposed "exceeds SB 50 sentencing guidelines pursuant to 11 Del. C. § 4333(d)(1)."[2]
(3) Between November 16, 2005 and August 3, 2006, Iverson filed a total of three motions for modification of sentence pursuant to Superior Court Criminal Rule 35(b) ("Rule 35(b)"). Citing family hardship, remorse and his lack of a prior record, Iverson sought to reduce his Level V time to one or two years. The Superior Court denied Iverson's first sentence modification motion on the basis that the sentence imposed was reasonable. The Superior Court denied Iverson's second and third motions on the bases that the sentence imposed was reasonable and appropriate and the motions were untimely.
(4) On April 1, 2009, Iverson filed a motion for reduction/modification of partial confinement. Iverson sought to reduce the length of his Level IV home confinement and the length and level of his Level III probation. By order dated April 1, 2009, the Superior Court denied Iverson's motion on the bases that the sentence imposed was reasonable and appropriate and the motion was untimely. This appeal followed.
(5) On appeal, Iverson disputes the Superior Court's determination that his motion was untimely. Iverson's argument is well-taken. Rule 35(b) specifically provides that the Superior Court may reduce the "term or conditions of partial confinement or probation . . . at any time."[3]
(6) We have concluded that the Superior Court erred when denying Iverson's motion for reduction/modification of partial confinement as untimely. Moreover, because there is no transcript of the sentencing hearing in the record, the Court is unable to review whether the Superior Court's imposition of probation pursuant to title 11, section 4333(d)(1) was reasonable and appropriate.[4]
NOW, THEREFORE, IT IS ORDERED that the motion to affirm is DENIED. The judgment of the Superior Court is REVERSED, and this matter is REMANDED to the Superior Court for further consideration of Iverson's motion for reduction/modification of partial confinement consistent with this Order. Jurisdiction is not retained.
NOTES
[1] Del. Supr. Ct. R. 25(a).
[2] Former Senate Bill 50, found at 74 Del. Laws c. 27, established limits to certain probationary sentences. Section 4333(d)(1) provides in pertinent part that those limitations shall not apply "[t]o any sentence imposed for a conviction of any sex offense. . . if the sentencing court determines on the record that a longer period of probation or suspension of sentence will reduce the likelihood that the offender will commit a sex offense or other violent offense in the future." Del. Code Ann. tit. 11, § 4333(d)(1) (2007).
[3] Del. Super. Ct. R. 35(b); Johnson v. State, 2008 WL 187958 (Del. Supr.).
[4] It appears from the court dockets that Iverson preempted his request for preparation of transcript at State expense when he filed his opening brief and appendix in this Court prior to a determination of his request for transcript in the Superior Court.