**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 0502002953 |
| | ) | |
| JING P. WEIDOW, | ) | |
| Defendant. | ) | |

Date Submitted: February 18, 2015
Date Decided: March 11, 2015

**ORDER DENYING DEFENDANT'S MOTION TO VACATE**
**PROBATIONARY ASPECT OF SENTENCE**

Upon consideration of the Motion to Vacate Probationary Aspect of Sentence filed by Jing P. Weidow ("Weidow"); Superior Court Criminal Rule 35; the facts, arguments and legal authorities set forth in Weidow's motion; the State's Response in opposition thereto; applicable law; and the entire record in this case:

1. In the early morning hours of February 2, 2005, Weidow murdered Mary Anderson by stabbing her. Weidow confessed to the killing. After being charged and indicted for Murder First Degree, Weidow pled guilty to a reduced charge of Murder Second Degree and related offenses. In June 2006, the Court sentenced Weidow to an aggregate 30 years of incarceration followed by descending levels of supervision.

2. Weidow filed a timely motion for a reduction of sentence in August 2006. The Court did not rule on the motion. On April 4, 2013, Weidow filed a

Renewed Motion for Reduction of Sentence, which the Court denied on September 12, 2013.

3. Weidow has now filed a motion requesting that the Court vacate the probationary portion of her sentence. Weidow claims that the probationary terms of her sentence conflict with federal immigration law because Weidow, a citizen of China, faces deportation upon release from incarceration.

4. Pursuant to Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after imposition of the sentence.[1] The intent of Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[2] Where a motion for reduction of sentence is filed, under Rule 35(b), within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[3] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[4]

5. Weidow filed the pending Rule 35 Motion more than 90 days after imposition of the sentence. Generally, the Court will only consider an untimely application only in "extraordinary circumstances," or pursuant to 11 *Del. C.* §

---

[1] Super. Ct. Crim. R. 35(b).
[2] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).
[3] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014).
[4] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (citation omitted).

4217.[5]  However, because Weidow's Rule 35 Motion seeks only to modify the Level IV probationary portion of her sentence it is not subject to this procedural time-bar.[6]  Nonetheless, the Court finds Weidow's Rule 35 Motion procedurally barred due to its repetitive nature.

6. Pursuant to Rule 35(b) "[t]he court *will not* consider repetitive requests for reduction of sentence."[7]  This is an unforgiving procedural requirement under Rule 35(b).[8]  As the Superior Court explained recently in *State v. Reed*, "Unlike the 90-day jurisdictional limit with its 'extraordinary circumstances' exception, the bar to repetitive motions has no exception.  Instead, this bar is absolute and flatly 'prohibits repetitive requests for reduction of sentence.'"[9]

7. Weidow has filed several Rule 35 motions.  After her first motion, Weidow filed a renewed Rule 35 motion in April 2013, which the Court denied in September 2013.  A year later, in September 2014, Weidow filed the pending Rule 35 motion.  In the 2013 Rule 35 Motion, Weidow argued for sentence modification on the grounds that Weidow faces deportation upon release from incarceration and therefore is not a threat to the community.  Weidow's 2013 Rule 35 Motion also

---

[5] Super. Ct. Crim. R. 35(b).
[6] *See Iverson v. State*, 977 A.2d 898 (Del. 2009) (Table) (concluding that Rule 35(b) permits a defendant to seek modification of partial confinement or probation at any time).
[7] Super. Ct. Crim. R. 35(b) (emphasis added).
[8] *State v. Reed*, 2014 WL 7148921, at *2-3 (Del. Super. Dec. 16, 2014).
[9] *Id.* at *3 (citing *Thomas v. State*, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002); *Jenkins v. State*, 2008 WL 2721536, at *1 (Del. July 14, 2008); *Morrison v. State*, 2004 WL 716773, at *2 (Del. Mar. 24, 2004); *Duffy v. State*, 1998 WL 985332, at *1 (Del. Nov. 12, 1998).

3

highlighted her educational advancements and good behavior achievements while incarcerated. Likewise, the pending Rule 35 Motion reiterates Weidow's deportation concerns and highlights her educational and behavioral achievements while incarcerated. Further, Weidow's Rule 35 motions express remorse. However, remorse and positive behavior while incarcerated are not basis to modify or reduce a sentence that was appropriate at the time of sentencing.[10] The Court finds Weidow's pending Rule 35 Motion repetitive both in form and substance and therefore barred without exception.

8. Finally, maintaining the probationary portion of Weidow's sentence comports with 11 *Del. C.* § 4204(l), which requires the Court to include "a period of custodial supervision at either Level IV, III or II for a period of not less than 6 months . . . ." While the Court has wide discretion to reduce a sentence upon a timely Rule 35(b) application, the Court has no authority to reduce or suspend the mandatory portion of any substantive minimum sentence.[11]

---

[10] *DeShields v. State*, 2012 WL 1072298, at *1 (Del. Mar. 30, 2012); *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) (explaining that exemplary conduct or successful rehabilitation during incarceration does not qualify as "extraordinary circumstances" and relief for such achievements is more properly addressed to the parole board).

[11] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) (explaining that Rule 35(b) "provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.").

4

**NOW, THEREFORE,** on this 11th day of March, 2015, Jing P. Weidow's Motion to Vacate Probationary Aspect of Sentence is hereby **DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**