# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | ID No. 1309014924 |
| | ) | |
| | ) | |
| STEVEN L. BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 27, 2015
Decided: April 13, 2015

## ORDER DENYING SECOND MOTION TO MODIFY SENTENCE

This 13th day of April, 2015, upon consideration of the Defendant's Second Motion for Sentence Modification, and the record in this matter, it appears to the Court that:

(1) Defendant Steven L. Bennett was before the Court for sentencing after having earlier pleaded guilty to two counts of third degree burglary, one count of second degree conspiracy, and one count of misdemeanor theft.[1] The offenses arose from two different criminal

---

[1] *See* Plea Agreement, *State v. Steven L. Bennett*, ID Nos. 1309014446 and 1309014924 (Del. Super. Ct. Mar. 24, 2014).

episodes but, because Bennett waived indictment and entered into one dispositive plea agreement, they were heard in one proceeding. At his August 29, 2014 sentencing hearing, Bennett was sentenced for one of those burglary counts (N13-10-0628I) to serve: effective June 13, 2014, three years at Level V, the balance of which was suspended after Bennett served one year for two years at Supervision Level IV-DOC Discretion, which is then suspended after Bennett serves six months at Level IV-DOC Discretion for one year at Supervision Level III.[2] Bennett was also sentenced to serve: (1) for burglary third degree – three years at Level V, suspended in its entirety for three years at Supervision Level IV-DOC Discretion, which is then suspended after Bennett serves six months at Level IV-DOC Discretion for one year at Supervision Level III; (2) for conspiracy second degree – two years at Level V, suspended in its entirety for one year at Supervision Level II; (3) for misdemeanor theft – one year at Level V, suspended in its entirety for 1 year at Supervision Level I; and (4) for VOP (misdemeanor attempted

---

[2]    Sentencing Order, *State v. Steven L. Bennett*, ID Nos. 1309014446 and 1309014924 (Del. Super. Ct. Aug. 29, 2014)

theft) – six months at Level V.[3]  Bennett filed no direct appeal from his conviction or sentence.

(2)    Just over a month after he was sentenced, Bennett filed a motion under Superior Court Criminal Rule 35(b) requesting reduction or "restructuring" of his Level V and Level IV terms.[4]  His request was based, in part, on his claim that he "would not be able to utilize the furlough portion of the Level 4 work-release to better his self [*sic*] and reinnerate [*sic*] his self [*sic*] back into the community."[5]  That motion was denied.[6]

(3)    Bennett filed the present motion under Rule 35(b) requesting again that the terms of his Level IV supervision be amended or reduced.  In short, Bennett requests that he spend no time at Level IV but go directly to Supervision Level III upon his release from prison.  This relief is appropriate, he suggests, because:  (1) he intends to reside in Maryland after

---

[3]    *Id.*; VOP Sentencing Order, *State v. Steven L. Bennett*, ID No. 111206743 (Del. Super. Ct. Aug. 29, 2014).  Bennett makes no application regarding these sentences for the other counts or the VOP, so the Court addresses them no further here.

[4]    Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion; providing also that the Court may reduce a term or the conditions of partial confinement or probation); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[5]    Def. 1st Rule 35(b) Mot. at 1. (D.I. 8).

[6]    *State v. Steven L. Bennett*, ID Nos. 1309014446 and 1309014924 (Del. Super. Ct. Oct. 9, 2014) (Order – denying first Rule 35(b) motion) (D.I. 9).

his incarceration; (2) he has employment potentials in Maryland; (3) he has participated in programs while incarcerated; and (4) he is remorseful.[7]

(4) The Court may consider Bennett's motion "without presentation, hearing or argument."[8] The Court will decide his motion on the papers filed and the complete sentencing record in Bennett's case.

(5) When considering motions for sentence modification, this Court addresses any applicable procedural bars before turning to the merits.[9] Bennett suggests that there are no bars to consideration of his request under Rule 35(b).[10] Not so. While Bennett's motion – one seeking modification of a term of partial confinement or probation – is not subject to Rule 35's 90-day time bar,[11] it can and should be denied because it is repetitive.[12]

---

[7]    Def. Rule 35(b) Mot. at 1-3.

[8]    Super. Ct. Crim. R. 35(b).

[9]    *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Ct. Dec. 16, 2014).

[10]   Def. Rule 35(b) Mot. at 1.

[11]   *See Iverson v. State*, 2009 WL 2054563 (Del. July 16, 2009) (finding this Court erred in holding that motion for modification of Level IV time was subject to ninety-day period).

[12]   *Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011) (finding this Court erred in holding that motion for modification of Level IV time was subject to ninety-day period, but "the Superior Court's judgment denying Teat's motion for sentence modification may be affirmed on the independent and alternative grounds that the motion was repetitive and Teat had provided no additional information to merit as sentence modification . . . [and] find[ing] no abuse of the Superior Court's discretion in denying Teat's motion on these independent and alternative bases"); *State v. Weidlow*, 2015 WL

(6) But in addition to being procedurally barred, Bennett's request also does not merit relief. A Level IV term, *i.e.*, a period in a highly structured community-based supervision setting, is a component of Bennett's sentence that is integral to the Court's overall "sentencing scheme" or "plan."[13] Here the Court finds that a term of Level IV supervision in such a setting will facilitate Bennett's rehabilitation and transition after incarceration. The Court has fully reviewed Bennett's application, the record of the three subject cases (ID Nos. 1309014446, 1309014924 and 111206743), Bennett's supervision history, and all sentencing information available. The Court finds the challenged aspect of its sentence remains appropriate for the reasons stated at the time of sentencing and when it decided Bennett's first Rule 35(b) motion.[14]

---

1142583, at *1-2 (Del. Super. Ct. Mar. 11, 2015) (bar to repetitive motions also applicable to requests for modification of a Level IV term of a sentence).

[13]     *See Defoe v. State*, 750 A.2d 1200, 1202 (Del. 2000).

[14]     *State v. Steven L. Bennett*, ID Nos. 1309014446 and 1309014924 (Del. Super. Ct. Oct. 9, 2014) (upon Bennett's timely application, the Court exercised its broad discretion under Rule 35(b) to revisit its sentencing judgment and, given the aggravating and mitigating factors present, found the terms of Bennett's sentence remained appropriate).

(7)    In turn, the Court will exercise its discretion[15] under Rule 35(b) and **DENY** Bennett's request to reduce or modify the Level IV term of his sentence.

**SO ORDERED this 13ᵗʰ day of April, 2015.**

**/s/ Paul R. Wallace**
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary

cc:  Julie A. Finocchiaro, Deputy Attorney General
    Dade D. Werb, Esquire
    Mr. Steven L. Bennett, *pro se*
    Investigative Services Office

---

[15]    *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court."); *Kiser v. State*, 2010 WL 5141242, at *1 (Del. Dec. 10, 2010) (same for motion that seeks reduction or modification of partial confinement).