# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         )
                               )

v.                             )      ID No. 1602006161
                               )

DAHMERE WHITE,            )
           Defendant. )

Submitted: July 12, 2018
Decided: July 23, 2018

## ORDER DENYING THIRD MOTION TO MODIFY SENTENCE

This 23rd day of June, 2018, upon consideration of the Defendant's Third Motion for Sentence Modification (D.I. 14), and the record in this matter, it appears to the Court that:

(1) Defendant Dahmere White was before the Court for sentencing after having earlier pleaded guilty to a charge of Possession of a Firearm During the Commission of a Felony ("PFDCF").[1] At his September 30, 2016 sentencing hearing, Mr. White was sentenced to serve: effective February 23, 2016, three years at Level V, followed by six months at Supervision Level IV-DOC Discretion, and then two years at Supervision Level III.[2]

---

[1] DEL. CODE ANN. tit. 11, §§ 1447A(a) and (b), 4205(b)(2) (2015) (PFDCF is a class B felony for which one must serve at least three years of imprisonment and may serve up to 25 years).

[2] *State v. Dahmere White*, ID No. 1602006161 (Del. Super. Ct. Sept. 30, 2016) (Sent. Order) (D.I. 9). *See* DEL. CODE ANN. tit. 11, § 4204(l) (2015) (providing that whenever

(2)     Mr. White filed an unsuccessful motion to try to reduce his term of imprisonment in December 2016.[3]  He then filed a second motion under Superior Court Criminal Rule 35(b)[4] in April 2018 requesting elimination of his Level IV term and reduction of Level III term to Level II.[5]  His request was based, in part, on his claims of familial hardship, rehabilitation, educational efforts and relocation prospects.[6]  That motion was denied.[7]

(3)     Mr. White has now filed the present motion under Rule 35(b) requesting again that his term of Level IV supervision be eliminated and his Level III term reduced.  In short, Mr. White requests that he spend no time at Level IV.  This relief is appropriate, he suggests, for the same reasons he cited

---

the Court imposes a period of incarceration of one year or more, then the Court must include at least a six-month period of transitional custodial supervision at either Level IV, III or II to follow).

[3]     *State v. Dahmere White*, ID No. 1602006161 (Del. Super. Ct. Jan. 11, 2017) (Order – denying first Rule 35(b) motion) (D.I. 11).

[4]     Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion; providing also that the Court may reduce a term or the conditions of partial confinement or probation); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[5]     Def. 2nd Rule 35(b) Mot. at 2–3. (D.I. 12).

[6]     *Id.* at 2.

[7]     *State v. Dahmere White*, ID No. 1602006161 (Del. Super. Ct. Apr. 20, 2018) (Order – denying second Rule 35(b) motion) (D.I. 13).

three months ago: (1) his rehabilitative efforts; (2) his family's hardship; (3) his employment/relocation prospects; and (4) his acceptance of responsibility.[8]

(4) The Court may consider Mr. White's motion "without presentation, hearing or argument."[9] The Court will decide his motion on the papers filed and the complete sentencing record in Mr. White's case.

(5) When considering motions for sentence modification, this Court addresses any applicable procedural bars before turning to the merits.[10] Mr. White does not address those bars to consideration of his Rule 35(b) motion. The Court must. While Mr. White's entreaty – one seeking modification of a term of partial confinement or probation – is not subject to Rule 35's 90-day time bar,[11] it can and should be denied because it is repetitive.

(6) As noted, Mr. White previously filed an unsuccessful application to reduce or modify his sentence.[12] As our Supreme Court and this Court

---

[8] Def. 3rd Rule 35(b) Mot. at 4–6.

[9] Super. Ct. Crim. R. 35(b).

[10] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[11] *See Iverson v. State*, 2009 WL 2054563 (Del. July 16, 2009) (finding this Court erred in holding that motion for modification of Level IV time was subject to ninety-day period).

[12] *See* D.I. 10 and 12.

have consistently held, Rule 35(b) prohibits consideration of repetitive requests for sentence reduction or modification.[13] There is no exception to the repetitive motion bar.[14] And the repetitive motion bar is applicable even when the request is for reduction or modification of a term of partial confinement or probation.[15]

**NOW, THEREFORE,** the Court **DENIES** Dahmere White's Rule 35(b) motion for reduction of sentence.

**SO ORDERED this 23rd day of July, 2018.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:  Mr. Dahmere White, *pro se*
      Investigative Services Office

---

[13]  *State v. Culp*, 152 A.3d 141, 145 (Del. 2016); *Redden,* 111 A.3d at 608–09.

[14]  *Culp,* 152 A.3d at 144; *Redden,* 111 A.3d 608–09.

[15]  *See Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011); *State v. Bennett*, 2015 WL 1746239, at *2 (Del. Super. Ct. Apr. 13, 2015); *State v. Weidlow*, 2015 WL 1142583, at *1–2 (Del. Super. Ct. Mar. 11, 2015).