IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES RUNYON, | § | |
| | § | No. 290, 2019 |
| Defendant Below– | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. 1712008549 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below– | § | |
| Appellee. | § | |

Submitted:  July 24, 2019
Decided:  October 10, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, James Runyon, appeals the Superior Court's June 12, 2019 order denying his motion for sentence modification filed under Superior Court Criminal Rule 35(b) ("Rule 35(b)").  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Runyon's opening brief that his appeal is without merit.  We agree and affirm.

(2)    The record reflects that Runyon pleaded guilty in August of 2018 to drug dealing a tier 2 quantity of heroin.  The Superior Court granted the State's motion to declare Runyon an habitual offender and immediately sentenced Runyon

to fifteen years of Level V incarceration, suspended after two years and the successful completion of the Key Program for one year at Level IV, suspended after the successful completion of the Level IV Crest Program, for eighteen months of Level III Crest aftercare.  Runyon did not appeal.

(3)　On March 25, 2019, Runyon filed a motion for modification of sentence.  In his motion, Runyon asked the court to modify the Level IV Crest Program portion of his sentence to Level III intensive outpatient treatment.  In support of his motion, Runyon asserted he suffers from physical and mental disabilities that have made it difficult for him to complete the Key Program and that will make it even more challenging for him to complete the Crest Program.  The Superior Court denied Runyon's motion, finding that the motion was untimely; the sentence imposed remained appropriate for all the reasons stated at sentencing; and no additional information had been provided to the court that would warrant a reduction or modification of Runyon's sentence.  This appeal followed.

(4)　In his opening brief, Runyon argues that the Superior Court erred in denying his motion for sentence modification as untimely.  Runyon contends that his motion only sought a modification of his Level IV partial confinement and that Rule 35(b) provides that the Superior Court may modify or reduce the "term or

conditions of partial confinement or probation[] at any time."[1]

(5)    Runyon is correct that a motion seeking modification of the terms of partial confinement is not subject to the 90 day limitation period of Rule 35(b).[2] Accordingly, the Superior Court was incorrect in finding that Runyon's motion was untimely filed. Nonetheless, the Superior Court's judgment may be affirmed on the independent and alternative grounds that no additional information had been provided to the court that would warrant a reduction or modification of Runyon's sentence.[3] Other than Runyon's summary allegation of mental and physical infirmities, Runyon has not offered, and the Superior Court record does not reflect, any indication that he has—and will continue to—struggle to complete the court-ordered drug treatment programs.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[1] Del. Super. Ct. Cr. R. 35(b).
[2] *See Iverson v. State*, 2009 WL 2054563, at *1 (Del. July 16, 2009).
[3] Although the Superior Court also reasoned that Runyon's sentence remained appropriate for the reasons stated at sentencing, because the record does not contain a transcript of the sentencing hearing, the Court is unable to affirm the court's order on this basis. *Iverson*, 2054563, at *1.
[4] *See Valentine v. State*, 2014 WL 7894374, at *2 (Del. Dec. 31, 2014).