IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STANLEY D. GATEWOOD, | § | |
| | § | No. 270, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1407022963 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 4, 2019
Decided: November 18, 2019

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) Stanley Gatewood appeals the Superior Court's June 5, 2019 order denying his motion for modification of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Gatewood's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Gatewood pleaded guilty in May 2015 to possession of a firearm by a person prohibited ("PFBPP"), receiving a stolen firearm, and second degree conspiracy. Following a presentence investigation, the Superior Court sentenced Gatewood as follows: (i) for PFBPP, to fifteen years of Level V

incarceration, suspended after ten years for five years of Level IV supervision at the Violation of Probation ("VOP") Center, suspended after one year for two years of Level III probation; (ii) for receiving a stolen firearm, to three years of Level V incarceration, suspended for one year of Level IV supervision on Home Confinement, followed by one year of Level III probation; and (iii) for second degree conspiracy, to two years of Level V incarceration, suspended for one year of Level III probation. The sentencing order specified that Gatewood was to serve his Level IV sentence at the VOP Center followed by Home Confinement. Gatewood did not appeal.

(3) Gatewood filed a motion to modify his sentence under Superior Court Criminal Rule 35(b) ("Rule 35(b)") in November 2015 and again in April 2016. The Superior Court denied both motions. In July 2016, Gatewood filed a motion for correction of an illegal sentence under Superior Court Criminal Rule 35(a). The Superior Court denied the motion, and we affirmed its denial on appeal.[1]

(4) On May 17, 2019, Gatewood filed another motion to modify his sentence, asking the Superior Court to remove the condition that part of his sentence be served at the VOP Center. Gatewood argued that the condition was excessive because he had served time for his violation of probation in a different case. Gatewood also cited his voluntary participation in prison rehabilitation programs

---

[1] *Greenwood v. State*, 2016 WL 7212313 (Del. Dec. 12, 2016).

2

and argued that removal of the condition would permit him to transition to Home Confinement in a more expeditious manner. On June 5, 2019, the Superior Court denied the motion, finding that the motion was untimely and repetitive, and that the sentence imposed remained appropriate for the reasons stated at sentencing. Although the Superior Court acknowledged Gatewood's participation in educational and rehabilitation programs, it found that Level IV supervision remained appropriate. The court noted, however, that the Level IV portion of Gatewood's sentence could be served at the discretion of the Department of Correction ("the DOC").[2] This appeal followed.

(5)     In his opening brief, Gatewood argues that (i) the Superior Court improperly found his motion to be untimely  because Rule 35(b) provides that a term or condition of partial confinement may be reduced at any time, (ii) the Superior Court did not understand the nature of his request to modify his sentence, (iii) the Level IV portion of his sentence is excessive, and (iv) the Superior Court's order noting that the Level IV portion of his sentence is to be served at the DOC's discretion is ambiguous and is insufficient to give the DOC authorization to exercise its discretion.

---

[2] We understand this language to mean that the determination of the type of Level IV confinement (*e.g.*, Home Confinement, Work Release, VOP Center) is within the DOC's discretion.

(6)     Rule 35(b) provides that a court may reduce a sentence of imprisonment on a motion made within ninety days of sentencing.[3]  Rule 35(b) also permits the Superior Court to reduce the term or conditions of partial confinement or probation at any time.[4]  We review the Superior Court's denial of a motion for modification of sentence under Rule 35(b) for abuse of discretion.[5]  This standard is highly deferential.[6]

(7)     Greenwood is correct that a motion seeking modification of the terms of partial confinement is not subject to the ninety day limitation period of Rule 35(b). Thus, the Superior Court erred when it found his motion for modification was untimely.[7]  Nevertheless, the Superior Court's denial of Gatewood's motion for sentence modification may be affirmed on the independent and alternative grounds that the motion was repetitive.[8]  As to Gatewood's argument that the Superior Court did not understand the nature of his request, the Superior Court's order belies this claim—although the Superior Court did not remove the VOP Center condition, it gave the DOC the discretion to allow Gatewood to serve all of his Level IV time on

---

[3] Del. Super. Ct. Cr. R. 35(b).
[4] *Id.*
[5] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[6] *Id*. at 977.
[7] *Iverson v. State*, 2009 WL 2054563, at *1 (Del. July 16, 2009) (reversing the Superior Court's denial of the defendant's motion to modify the length of his Level IV Home Confinement portion of his sentence on the grounds that it was untimely filed).
[8] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (finding the Superior Court abused its discretion by ignoring Rule 35(b)'s direction that the court not consider repetitive requests for reduction of sentence).

Home Confinement. Finally, the Superior Court need not issue a modified sentencing order because the DOC Offender Status Sheet—upon which the DOC relies to determine an inmate's good time credit and release date, among other things—accurately reflects the fact that Gatewood's Level IV time is to be served at the discretion of the DOC.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice