UNITED STATES of America
v.
Lorenzo ORLANDO, Defendant.

Cr. No. 45311.

United States District Court
E. D. New York.

June 27, 1962.

Supplemental Memorandum
June 29, 1962.

Anthony Marra, New York City, by Thomas A. Shaw, Jr., New York City, of counsel, for the motion.

Joseph P. Hoey, U. S. Atty., by Joseph V. Costa, Asst. U. S. Atty., in opposition.

RAYFIEL, District Judge.

On September 25, 1958 the defendant, having theretofore been convicted on both counts of a 2-count indictment charging him with receiving and concealing very large quantities of heroin hydrochloride and smoking opium, in violation of Section 174 and Sections 180 and 181 respectively of Title 21 U.S.Code Annotated, was sentenced to serve 17 years on each of said Counts, to run concurrently with each other and with a 5 year sentence previously imposed upon him in the Southern District by Judge Noonan.

The defendant now moves under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for an order reducing said term of imprisonment to 5 years, to run concurrently with the aforementioned sentence of 5 years imposed upon him by Judge Noonan on July 31, 1958, which, if granted, would result in his release within less than two months.

A number of affidavits were submitted in support of the motion, all of which have been carefully considered. It is not necessary to enumerate all of the claims and facts therein contained. It will suffice to say that, except for information respecting the serious illness of the defendant's wife, no facts *material* to the consideration of this application have been offered which were not available to and considered by the Court at the time the sentence was imposed.

The defendant's wife, though ill, has been gainfully employed, and, to a substantial extent, self-supporting. If, as appears likely, she will be obliged to discontinue her employment because of her present serious illness, she will not lack the means of subsistence inasmuch as her aunt, Mrs. Filippa Orlando, with whom she has resided for the past three years, and who is a person of considerable means, has agreed to provide a home for her, and, upon his release, for the defendant.

In view of the seriousness of the crime and the defendant's extensive criminal background, I can see no just basis for the reduction of the sentence herein. Accordingly, the motion is denied. Settle order on notice

I am very appreciative of the competent services rendered in behalf of the defendant by Thomas A. Shaw, Jr., Esq., of the Legal Aid Society.

SUPPLEMENTAL MEMORANDUM

After consideration of the facts and circumstances offered by the defendant in support of his motion under Rule 35 for the reduction of the sentence heretofore imposed on him, and, more particularly, the age of Filippa Orlando, an aunt of the defendant's wife, who has vouched for the latter's maintenance and support, the sentence imposed upon the defendant on September 25, 1958 is reduced as follows: On each of counts 1 and 2 the defendant is committed to the custody of the Attorney General or his authorized representative to be con-

fined in an institution to be selected by him for a period of ten years, the said sentences to run concurrently with each other and with the sentence imposed upon him in the Southern District of New York by Judge Noonan on July 31, 1958.