**Lester McKinley JOHNSON, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Oct. 3, 1967.

Charles K. Keil, Asst. Public Defender, for appellant.

Robert E. Daley, Deputy Atty. Gen., for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

Appellant, Lester McKinley Johnson, was convicted of grand larceny in Superior Court. Sentence was imposed on September 10th, 1965, and an appeal therefrom was filed on October 31, 1966. That appeal was dismissed for failure to file within sixty days after the entry of judgment. See Johnson v. State, Del., 227 A.2d 209.

The dismissal occurred on February 17th, 1967. On April 18th, 1967, defendant moved in Superior Court for reduction of his sentence under Criminal Rule 35(b), Del.C.Ann. The trial Judge declined to consider the motion because it had not been filed within the period of four months after imposition of sentence. The present appeal seeks a reversal of that ruling.

Superior Court Criminal Rule 35(b) reads as follows:

"(b) REDUCTION OF SENTENCE. The court may reduce a sentence within 4 months after the sentence is imposed, or within 4 months after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of an

appeal, writ of error or writ of certiorari".

Appellant contends that, because his application for reduction of sentence was filed within four months after dismissal of his prior appeal, the Court below was incorrect in holding that the motion came too late. We disagree.

The reason for the existence of Rule 35 (b) is inconsistent with any intent to enable the trial Court to reduce a sentence imposed years before the application is made. The common law rule was that a trial Court lost its power to alter its judgments, with certain exceptions, upon the expiration of the term. When the criminal rules were revised in 1953, this principle of the common law was changed by Rule 45 (c) which eliminated the expiration of the term as the time limit upon the power of the Court to do any act in a criminal proceeding. That change made necessary the adoption of Rule 35(b) in order to set a reasonable limitation upon the Court's alteration of its judgments. See 5 Orfield

Crim.Proc. § 35.3. The original period set was sixty days but it was later changed to four months. Criminal Rule 45(b) forbids enlargement of this time.

Defendant argues that the express language of the rule governs his case because the application was made "within 4 months after receipt by the court of a mandate issued upon * * * dismissal of an appeal * * *". This contention overlooks the fact that the time permitted by Rule 35(b) had expired long before his attempted appeal was filed in this Court. Certainly, defendant could not alter the situation by filing an appeal months or even years after the expiration of the time for doing so.

If the cases of United States v. Orlando, D.C., 206 F.Supp. 419, or United States v. Clause, D.C., 5 F.R.D. 278, are in conflict with the view here taken, we decline to follow them. See note in 8 Moore's Federal Practice 35–4. The Court below was correct in declining to consider the application. Its order will be affirmed.