SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

June 7, 2017

Stephen W. Welsh, Esq.
Law Office of Edward C. Gill, P.A.
P.O. Box 824
Georgetown, Delaware 19947

Casey Ewart, Esq.
Kevin Gardner, Esq.
Department of Justice
114 E. Market Street
Georgetown, Delaware 19947

> RE: *State of Delaware v. Paris Boyer*,
>     Case #:  1409003291A, 1508023150, 1409003291C

DATE SUBMITTED:  May 5, 2017

Dear Counsel:

Before the Court is Defendant, Paris Boyer's ("Defendant"), Motion for Modification of

Sentence.[1]  For the reasons expressed below the Motion is **DENIED**.

---

[1] While Defendant's Motion for Modification of Sentence does not state the law upon which it is based, the Court presumes that Defendant is relying on Superior Court Criminal Rule 35.  The pertinent part of Rule 35 reads:

> **(b) Reduction of Sentence.** The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.  This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for a new trial or for resentencing.  The court may decide the motion or defer decision while an appeal is pending.  The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217.  The court will not consider repetitive requests for reduction of sentence.  The court may suspend the costs or fine, or reduce the fine or term or conditions of partial confinement or probation, at any time.  A motion for reduction of sentence will be considered without presentation, hearing or argument unless otherwise ordered by the court.

1

From November 30, 2015 to December 7, 2015, Defendant went to trial for the charges in case # 1409003291A. The verdict was mixed. Defendant was found guilty of one count of Second Degree Conspiracy, two counts of Theft less than $1,500.00, one count of Theft by False Pretenses less than $1,500.00, and one count of Third Degree Burglary. The jury either acquitted Defendant or was hung on the remaining charges. Rather than retrying the case, the parties agreed to resolve all of Defendant's pending charges by a plea deal. On February 17, 2016, Defendant pled guilty to three counts of Third Degree Burglary, one count of Possession of Burglary Tools, and one count of Theft less than $1,500.00 from a Senior. As part of the plea agreement, Defendant agreed to be sentenced under 11 *Del. C.* § 4214(a) as a habitual offender for one of the Third Degree Burglary charges. On March 18, 2016, after review of the pre-sentence investigation, Defendant was sentenced to 15 years at Level Five as a habitual offender for one Third Degree Burglary charge. He received probation for the remaining charges.

Defendant appealed his sentence to the Delaware Supreme Court. He argued that "the trial court abused its discretion in sentencing the defendant to fifteen (15) years of incarceration for breaking into a vehicle. The Court sentenced the Appellant with a closed mind, by attempting to balance the sentences of that of Appellant and his co-defendant despite the vast disparity in the crimes they committed."[2] The Supreme Court upheld the sentence stating, "Boyer's claim is without merit...[T]he Superior Court did not sentence Boyer with a closed mind, as it considered a number of factors when determining his sentence...Accordingly, the Superior Court did not abuse its discretion when sentencing Boyer."[3]

On June 15, 2016, Defendant first filed this Motion for Modification of Sentence. Because Defendant had an appeal pending before the Supreme Court, this Court stayed any

---

[2] Def. Appellant's Am. Opening Br., 7.
[3] *Boyer v. State*, 150 A.3d 1200, 2016 WL 6519001 (Del. Nov. 2, 2016)(TABLE)(corrected opinion issued Nov. 29, 2016).

action on this Motion until the appeal concluded. Such action is permissible under Rule 35(b).[4] On November 29, 2016, the Supreme Court issued a record of mandate, upholding the sentence. On December 16, 2016, Defendant refiled this Motion.

When considering a motion under Rule 35, the Court must first analyze whether any applicable procedural bars apply.[5] First, the motion must be made within 90 days from the date of the sentence.[6] This Motion was first filed less than 90 days after the imposition of the sentence. Defendant was sentenced on March 18, 2016. The Motion for Modification of Sentence was filed on June 15, 2016, three days before the deadline.

Second, the Court will not hear repetitive requests for a sentence modification.[7] While Defendant may merely repackage and attempt to reargue assertions he made at the sentencing hearing and to the Supreme Court in this Motion, this is his first motion for reduction of sentence. Thus, the Motion cannot be procedurally dismissed on this basis.

The purpose behind Rule 35(b) "has historically been to provide a reasonable period for the court to consider alteration of its sentencing judgments."[8] When the motion is filed within 90 days of the sentence, "the court has broad discretion to decide if it should alter its judgment. The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate"[9] Here, the Court sees no reason to alter its previous sentence; the sentence is appropriate. None of the arguments advanced by Defendant in this Motion are novel. The instant Motion merely reargues points that were already brought up at the sentencing hearing and in the Supreme Court appeal.

---

[4] Super. Ct. Crim. R. 35(b)("The court may decide the motion or defer decision while an appeal is pending.").

[5] *State v. Redden*, 111 A.3d 602, 606 (Del. 2015).

[6] Super. Ct. Crim. R. 35(b)(" The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.").

[7] Super. Ct. Crim. R. 35(b)("The court will not consider repetitive requests for reduction of sentence.").

[8] *State v. Johnson*, 2015 WL 3880586, at *1 (Del. Super. Ct. June 24, 2015)(citing *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967)(per curium)).

[9] *Id.*

3

Defendant's background, criminal history, statements of family members, and other factors were considered by this Court at the sentencing hearing. The transcript reads as follows:

THE COURT: Very well. I have listened to what counsel have shared with me, I have listened to what the defendant has stated to the Court in his allocution, I have listened to what his father has had to share, and I have read his mother's letter.

In this case a judge has to balance factors in an attempt to come up with a fair sentence. And this is easier said than done.

There are mitigating factors in your case. The mitigating factors would be what I call the childhood without the benefit of a stable home. That was not your fault. You had basically an absent father. He was here today, but the information in the report shows that he was largely absent from your life. And apparently, you might have had a stepfather in the picture that you looked to, as well, as I understand the information; is that accurate?

THE DEFENDANT: Yes.

THE COURT: And you have taken guidance from Dr. Nancy Schaffer and there is a letter from her February 22, 2016, which speaks about you in a very positive manner. And you did do, cooperated with the Connections Support Program. I've seen that as well.

Again, I have read your statements. It strikes me that you are an intelligent person and one who has potential for success if your intelligence and ability is driven in the right direction. What you did is remarkable. You took courses at Delaware State University and you did get your GED and you did get your high school degree. I also understand, there was a lot of turbulence, for want of a better word, that you had in the SCOPE system and Cape Henlopen. And those experiences were problematical, but nonetheless, at the end of the day, you did cross the goal line and get your high school degree. So you have a lot going for you.

So these are kinds of, what I would say, the mitigating factors that are present in this case.

Now, on the other side of the street are what are called aggravating factors. At the time of these offenses, you were on custody status. You did have prior violent criminal conduct. You do have a repetitive criminal history. And you had been found to be in violation of previously imposed periods of probation on nine separate occasions between 2006 and 2014. And the offenses were committed as part of a series of similar offenses that took place over the course of several months. You have been declared to be an habitual offender on the lead charges that you pled guilty to. That was by stipulation...

4

With respect between you and Montrell [co-defendant], you are older. And you certainly are smart and intelligent and you have a lot of prior experience with the criminal justice system. And you say out of a sense of loyalty, you engaged in the crime spree that resulted in your convictions and brings us here this morning. The simplest thing for you, of course, would have been to say: No, I have had enough, I have been punished and I know the consequences; I'm not going to go around and help you engage in a series of burglaries that not only property is taken, but whenever you have a crime spree where this kind of activity occurs, there is always the potential for harm and community safety, of course, is adversely impacted by this decision to engage in this pattern of criminal activity.

Another difference between you, I think because of [sic] you are older, you are smarter, and didn't stop this is the fact you are a habitual offender. I also feel that given your background, your lack of amenability to a lesser sanction, that this is a Level 5 one…

You are 26. You have an arrest record of 40 arrests, 415 charges including the instant offenses. The charges on your record consist of 404 criminal offenses, ten traffic violations, and one local ordinance violation. You have an extensive record that goes back to your early teenage years…

So clearly, unfortunately, you have a pattern of burglaries, theft, and assaultive behavior. That is a lot more significant than what we expect from a 26-year-old person.

And the unfortunate truth is that you have more than, since you were 13 years old, it appears that you haven't been—you have been in prison most of that time except maybe eight months. And your record and what your track record is and lifestyle, it indicates someone who is highly likely to re-offend and I am finding that for these reasons that the aggravating factors are more persuasive than the mitigating ones.

If I didn't mention it, with respect to the assault third degree, you were 16 and that was heard in the Superior Court, as well. So there has been a lot of programs along the way, so there are the reasons that I am going to impose the sentence that you are about to receive.[10]

From the above, all relevant factors were considered. In this Motion, Defendant has not made any assertions that convince the Court that the prior sentence should be reconsidered or that some error or miscalculation was made at the time of sentencing.

---

[10] Transcript of March 18, 2016 Hearing at 20-26.

Furthermore, the law of the case doctrine persuades me to deny the request. In *Gannett Co., Inc. v. Kanaga*, the Supreme Court explained:

> The law of the case doctrine requires that there must be some closure to matters already decided in a given case by the highest court of a particular jurisdiction...the law of the case doctrine is not inflexible in that, unlike *res judicata*, it is not an absolute bar to reconsideration of a prior decision that is clearly wrong, produces an injustice or should be revisited because of changes circumstances. The law of the case doctrine, like the *stare decisis* doctrine, is founded on the principle of stability and respect for court processes and precedent.[11]

Here, the Supreme Court has already ruled on this issue of whether or not Defendant's sentence was proper. Justice Vaughn wrote:

> Boyer's claim is without merit. In this case, the Superior Court sentenced Boyer within the statutory limits. The court granted the State's request to declare Boyer a habitual offender. Due to his status as a habitual offender, Boyer faced a sentence of up to life imprisonment. Therefore, Boyer's sentence was well within the statutory maximum.
>
> Additionally, the Superior Court did not sentence Boyer with a closed mind, as it considered a number of factors when determining his sentence. The court considered a letter written by Boyer's mother, testimony from his father, Boyer's co-defendant's sentence, Boyer's aggravators and mitigators, his criminal history, and his lack of amenability to lesser sanctions.[12]

Therefore, in order to have closure on this matter, the holding of the highest court of this state should be recognized. There is nothing here to indicate that this decision was clearly wrong, produces an injustice, or that it should be revisited due to a change in circumstances. Thus, under the law of the case doctrine, the decision of the Supreme Court will be given due respect. No basis for reconsideration of Defendant's sentence exists.

Considering the foregoing, Defendant's Motion for Modification of Sentence is **DENIED**.

---

[11] *Gannett Co., Inv. V. Kanaga*, 750 A.2d 1174, 1182 (Del. 2000)(internal citations omitted).
[12] *Boyer v. State*, 150 A.3d 1200, 2016 WL 6519001, at *2 (Del. Nov. 2, 2016)(TABLE)(corrected opinion issued Nov. 29, 2016).

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office