SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

August 29, 2017

Michael W. Modica, Esq.
715 King Street, Suite 300
P.O. Box 437
Wilmington, DE 19899

Melanie Withers, Esq.
Department of Justice
114 E. Market Street
Georgetown, Delaware 19947

RE: *State of Delaware v. Melvin Morse,*
       ID No. 1208005897

DATE SUBMITTED:  August 21, 2017

Dear Counsel:

Before the Court is Defendant, Melvin Morse's ("Defendant"), Motion for Modification

of Sentence.[1]  For the reasons expressed below the Motion is **DENIED**.

---

[1] The pertinent part of Rule 35 reads:

> **(b) Reduction of Sentence.** The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for a new trial or for resentencing. The court may decide the motion or defer decision while an appeal is pending. The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217. The court will not consider repetitive requests for reduction of sentence. The court may suspend the costs or fine, or reduce the fine or term or conditions of partial confinement or probation, at any time. A motion for reduction of sentence will be considered without presentation, hearing or argument unless otherwise ordered by the court.

1

On April 11, 2014, Defendant was found guilty of Reckless Endangering in the First Degree, Reckless Endangering in the Second Degree, and three counts of Endangering the Welfare of a Child. Defendant was sentenced as follows: for Reckless Endangering in the First Degree, five years at Level Five, suspended after three years for two years at Level Three; for Reckless Endangering the in Second Degree, one year at Level Five, suspended for one year at Level Three; and for each of the three counts of Endangering the Welfare of a Child, one year at Level Five, suspended for one year at Level Three. All Level Three time was to be served concurrently.

Defendant appealed his conviction to the Delaware Supreme Court. The Supreme Court affirmed the conviction on August 26, 2015.

On October 13, 2015, Defendant filed his first Motion for Modification of Sentence. On October 27, 2015, the Motion was denied due to untimeliness.

On February 7, 2017, Defendant first filed this, his second, Motion for Modification of Sentence. Defendant has served all of his Level Five time, but he seeks to have his remaining Level Three time either discharged or reduced.

When considering a motion under Rule 35, the Court must first analyze whether any applicable procedural bars apply.[2] First, the motion must be made within 90 days from the date of the sentence.[3] However, when the Defendant seeks a modification to Level Three probation, there is no timing requirement.[4] Therefore, this request is timely.

---

[2] *State v. Redden*, 111 A.3d 602, 606 (Del. 2015).
[3] Super. Ct. Crim. R. 35(b)(" The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.").
[4] Super. Ct. Crim. R. 35(b)(" The court may suspend the costs or fine, or reduce the fine or term or conditions of partial confinement or probation, at any time."); *Iverson v. State*, 2009 WL 2054563, at *1 (Del. July 16, 2009).

2

Second, the Court will not hear repetitive requests for a sentence modification.[5] As previously mentioned, this the Defendant's second motion under Rule 35. Here, the fact that Defendant is seeking discharge or reduction of his Level Three probation is irrelevant. The bar to successive Rule 35 motions applies to all types of sentence modification requests.[6] Thus, Defendant's Motion is denied on that basis. However, in the alternative, the Court considers Defendant's substantive arguments.

The purpose behind Rule 35(b) "has historically been to provide a reasonable period for the court to consider alteration of its sentencing judgments."[7] When considering the sentence, "the court has broad discretion to decide if it should alter its judgment. The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate"[8] Here, the Court sees no reason to alter its previous sentence; the sentence is appropriate.

Defendant states that he suffers from numerous serious health conditions. He has been diagnosed with prostate cancer, Hurthle Cell thyroid cancer, and metastatic lung cancer.[9] Additionally, Defendant has been treated with Interferon for Hepatitis C. Due to these health concerns, Defendant would like for his Level Three probation time to be reduced or discharged. To date, Defendant has completed about one year of his two years on Level Three probation.

---

[5] Super. Ct. Crim. R. 35(b)("The court will not consider repetitive requests for reduction of sentence.").

[6] *Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011)(holding that Defendant's second Rule 35 motion was improperly denied for being untimely because the modification sought concerned probation, but also finding that that the motion was properly denied for being repetitive).

[7] *State v. Johnson*, 2015 WL 3880586, at *1 (Del. Super. Ct. June 24, 2015)(citing *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967)(per curium)).

[8] *Id.*

[9] Defendant provided the Court with limited medical records that indicate he was diagnosed with prostate cancer on February 5, 2014 and thyroid cancer on January 24, 2017. No additional information regarding a treatment plan or steps forward was provided.

Defendant claims to be remorseful and acknowledges that he "terrorized, abused, and bullied a young fragile child who had the right to feel safe and loved."[10] Furthermore, he has completed numerous treatment and rehabilitative programs while incarcerated, such as the Key Program, Greentree Residential Substance Abuse Rehabilitative Program, the Impact of Crime on Victims Seminar, and the Catholic-Charities Anger Management Program. Defendant currently participates in mental health counseling. As a result of these efforts, Defendant claims to be a changed man. He feels that he has been adequately punished, as he has lost his medical license, his reputation has been destroyed, and he is reviled in the community. Defendant also notes that he has dutifully complied with all terms of probation. Therefore, he believes that continued supervision will not be beneficial, and that his health will suffer if required to remain on Level Three probation.

The Court is not persuaded by Defendant's arguments. Of primary importance is the recommendation of Defendant's Probation Officer, Paulette Perry, that his sentence remain unchanged.[11] Her impression of Defendant's health is summarized as follows: "She has seen no documentation that reflects or confirms this defendant's insistence that he is very ill. Mr. Morse appears to be in very robust health to her untrained eye. He is not thin. He is not frail or weak or in pain and does not in any way appear to be suffering from the adverse effects from any illnesses."[12] Moreover, Probation and Parole has upgraded Defendant's supervision level from minimum to maximum for a number of reasons, including his dishonest representations when making travel requests and his unsupervised visits with one of his daughters. This information runs counter to Defendant's assertion that he has complied with all terms of his probation. In

---

[10] Def.'s Mot. Sentence Modification, 2.
[11] Letter from Melanie Withers, Esq., Delaware Department of Justice, to Judge Richard F. Stokes, Aug. 21, 2017 (on file with the Delaware Superior Court).
[12] *Id.*

light of his Probation Officer's concerns, the Court is not persuaded to alter Defendant's sentence.

Defendant has not made any assertions that convince the Court that the prior sentence should be reconsidered or that some error or miscalculation was made at the time of sentencing. Additionally, the Motion is procedurally barred for being successive.

Considering the foregoing, Defendant's Motion for Modification of Sentence is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office

5