## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                            )
                            )

v.                              )     **ID Nos. 1703012008 &**
                            )           **1703012169**
                            )

**DARIUS K. JOHNS,**      )     **Cr. A. Nos. IN17-03-1270, - 1280,**
                            )        **-1695, and -1292**
          **Defendant**    )

Submitted: May 8, 2018
Decided: June 7, 2018

## ORDER DENYING MOTION TO REDUCE SENTENCE

This 7th day of June, 2018, upon consideration of the Defendant Darius K. Johns's ("Johns") *pro se* Motion for Sentence Reduction (D.I. 17) and the record in this matter, it appears to the Court that:

(1) On October 17, 2017, Defendant Darius K. Johns pleaded guilty to one count of Robbery Second Degree, one count of Robbery First Degree, one count of Possession of a Firearm by a Person Prohibited ("PFBPP"), and one count of Conspiracy Second Degree[1] in exchange for dismissal of the remaining indicted

---

[1] Plea Agreement and TIS Guilty Plea Form, *State v. Darius K. Johns*, ID Nos. 1703012008 & 1703012169 (Del. Super. Ct. Oct. 17, 2017). *See also* DEL. CODE ANN. tit. 11, § 831 (2016) (robbery in the second degree); *id.* at § 832 (robbery in the first degree); *id.* at § 1448 (PFBPP); and *id.* at § 512 (conspiracy in the second degree).

charges and a favorable sentence recommendation by the State (no more than the applicable twenty-year minimum).[2]

(2)     Johns's sentencing occurred several months later, after a pre-sentence investigative report had been prepared and the State had filed an habitual criminal petition. Johns was sentenced: (a) for Robbery Second Degree (IN17-03-1270) – five years at Level V to be served under the provisions of the Habitual Criminal Act;[3] (b) for PFBPP (IN17-03-1695) – ten years at Level V; (c) for Robbery First Degree (IN17-03-1280) – 25 years at Level V, suspended after serving five years for diminishing levels of supervision; and (d) for Conspiracy Second Degree (IN17-03-1292) – two years at Level V that was suspended in whole for probation.[4] Johns's cumulative 20-year term of unsuspended imprisonment is comprised wholly of minimum terms of incarceration that must be imposed and cannot be suspended.[5]

---

[2]     Johns also admitted that he violated the terms of his probated sentence stemming from a prior first-degree robbery conviction. At sentencing for this case, he was discharged as unimproved from the remainder of that sentence and the Court need not address it here.

[3]     DEL. CODE ANN. tit. 11, § 4214(a) (2016) (providing that a person who has been twice previously convicted of a Title 11 violent felony and is thereafter convicted of another Title 11 violent felony is declared to be an habitual criminal; the Court is then obliged to impose certain minimum sentences and may, in its discretion, impose a sentence of up to life imprisonment for that third or any subsequent violent felony).

[4]     Sentencing Order, *State v. Darius K. Johns*, ID Nos. 1703012008 & 1703012169 (Del. Super. Ct. Feb. 16, 2018).

[5]     DEL. CODE ANN. tit. 11, § 831 (2016) (robbery in the second degree is a class E felony); *id.* at tit. § 4205(b)(5) (statutory maximum sentence for a class E felony is five years imprisonment); *id.* at § 4214(d) ("Any person who has been 2 times convicted of a Title 11 violent felony . . . shall receive a minimum sentence of the statutory maximum statutory penalty provided

-2-

And Johns's several terms of unsuspended of incarceration must be served consecutively.[6]

(3) Johns filed no direct appeal from his convictions or sentence.

(4) Instead, Johns docketed the present motion under Superior Court Criminal Rule 35(b)[7] requesting reduction of his cumulative 20-year Level V term by "remov[ing] some time off [his] sentence" via suspension of a ten-year portion for program participation while he is imprisoned. According to Johns, his term of imprisonment should be reduced because his current sentence does not permit him to participate in any programs that would treat his long-suffered drug problem,

---

elsewhere in [Title 11] for the third or subsequent Title 11 violent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal. . . ."); *id.* at § 832(b)(2) ("any person convicted of robbery in the first degree shall receive a minimum sentence of . . . [f]ive years at Level V, if the conviction is for an offense that was committed within 10 years of the date of a previous conviction for robbery in the first degree"); and *id.* at § 1448(e)(1)(c) ("Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited person as described in this section and who knowingly possesses . . . or controls a firearm . . . while so prohibited shall receive a minimum sentence of [t]en years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony.").

[6] *Id.* at § 3901(d) (terms of incarceration for first-degree robbery and PFBPP (where the criminal defendant was previously convicted of a Title 11 violent felony) cannot be imposed to be served concurrently either with each other or with any other sentence of confinement imposed on the criminal defendant).

[7] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

which he claims has caused him, in part, to commit crimes since he was nine years old.[8]

(5)     The Court may consider such a motion "without presentation, hearing or argument."[9]  The Court will decide this motion on the papers filed.[10]

(6)     The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[11]  Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[12]  "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[13]  But, while the Court has wide discretion to reduce a sentence upon a timely Rule 35 application,

---

[8]     Def.'s Rule 35(b) Mot., at 2.

[9]     Super. Ct. Crim. R. 35(b).

[10]     When considering motions for sentence modification, this Court addresses any applicable procedural bars before turning to the merits. *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).  There are no *procedural* bars to consideration of John's request under Rule 35(b).

[11]     *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[12]     *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[13]     *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) (such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy).

the Court has no authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[14]

(7) As noted above, the 20 years of unsuspended imprisonment consists entirely of minimum terms of incarceration; they cannot be suspended or reduced.[15] John's request to reduce his Level V term far short of the 20 years would clearly violate the minimum terms required under 11 *Del. C.* §§ 832, 1448 and 4214. And so, John's requested relief cannot be granted.[16]

**NOW, THEREFORE, IT IS ORDERED** that Darius K. Johns's motion for modification of sentence is **DENIED**.

**SO ORDERED this 7th day of June, 2018.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:    James K. McCloskey, Deputy Attorney General
       Mr. Darius K. Johns, *pro se*
       Investigative Services Office

---

[14]     *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[15]     *See* 2-3 nn.5 & 6, *supra.*

[16]     *See, e.g., Sturgis*, 947 A.2d at 1092; *State v. Lennon*, 2003 WL 1342983, at *1 (Del. Mar. 11, 2003).