# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | **ID No. 1707014544** |
| | ) | **Cr. A. Nos. 17-08-0024, etc.** |
| GIGERE F. JACKSON, | ) | |
| Defendant. | ) | |

Submitted: February 27, 2020
Decided: May 5, 2020

## ORDER DENYING MOTION TO REDUCE SENTENCE

This 5th day of May, 2020, upon consideration of the Defendant's *pro se* Motion for Sentence Reduction (D.I. 34), his supplemental filing (D.I. 44 & 46), and the State's response thereto (D.I. 45), and the record in this matter, it appears to the Court that:

(1)     On August 8, 2018, following a two-day non-jury trial, Gigere F. Jackson was convicted of two counts of Possession of a Firearm by a Person Prohibited ("PFBPP") and two counts of Possession of a Firearm by a Person Prohibited ("PABPP").[1]   His re-sentencing occurred on February 18, 2018, after his first sentencing order was vacated and a new sentencing order entered.[2]

---

[1]     Verdict Sheet, *State v. Gigere F. Jackson*, ID No. 1707014544 (Del. Super. Ct. Aug. 18, 2018) (D.I. 19).

[2]     Modified Sentencing Order, *State v. Gigere F. Jackson*, ID No. 1707014544 (Del. Super. Ct. Feb. 18, 2019) (D.I. 30).

(2)     Jackson was sentenced to serve:  (a) ten years at Level V for one PFBPP count (IN17-08-0024); and (b) ten years at Level V followed by six months of supervised probation for the second PFBPP count (IN17-08-0025) at Level III.[3]  The Court suspended the sentence on the PABPP charges. Jackson's cumulative 20-year period of unsuspended imprisonment is comprised wholly of minimum terms of incarceration that must be imposed and cannot be suspended.[4]  And Jackson's two terms of unsuspended incarceration were ordered, as then-required, to be served consecutively.[5]

(3)     Jackson docketed a timely direct appeal from his convictions and sentence.[6]  While his appeal was pending, Jackson timely filed a *pro se* motion under Superior Court Criminal Rule 35(b) requesting reduction of the Level

---

[3]     *Id.*

[4]     DEL. CODE ANN. tit. 11, § 1448(e)(1)(c) (2017) ("Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited person as described in this section and who knowingly possesses . . . or controls a firearm . . . while so prohibited shall receive a minimum sentence of [t]en years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony.").

[5]     Jackson's terms of incarceration for the two the PFBBPP counts—because he was previously convicted of at least one Title 11 violent felony—could not, under then-extant law, be imposed to be served concurrently either with each other or with any other sentence of confinement imposed. *Id.* at § 3901(d).

[6]     *See* Not. of Appeal, *Gigere F. Jackson v. State of Delaware*, No. 73, 2019 (Del. filed Feb. 20, 2019).

-2-

V term of his sentence.[7] The Court stayed and deferred decision on Jackson's Rule 35 motion while his appeal was pending.[8] In October 2019, the Supreme Court affirmed Jackson's convictions and sentence.[9] Now that Jackson's appeal has been denied and he has had the opportunity to supplement his sentence reduction request, the Court will address Jackson's Rule 35(b) motion.

(4) The Court may consider such a motion "without presentation, hearing or argument."[10] The Court will decide this motion on the papers filed.

(5) The intent of Superior Court Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[11] Where a motion for reduction of sentence is filed within 90 days of sentencing, the Court has broad discretion to decide if it

---

[7]     D.I. 34.

[8]     *See* Order, *State v. Gigere F. Jackson*, ID No. 1707014544 (Del. Super. Ct. Mar. 8, 2019) (D.I. 35) (staying Jackson's Rule 35(b) motion during pendency of appeal); Super. Ct. Crim. R. 35(b) ("The court may decide the motion or defer decision while an appeal is pending.").

[9]     *Jackson v. State*, 2019 WL 5067096 (Del. Oct. 8, 2019).

[10]     Super. Ct. Crim. R. 35(b).

[11]     *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (*per curiam*).

should alter its judgment.[12] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[13] Although the Court has wide discretion to reduce a sentence upon a timely Rule 35 application, the Court has no authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[14]

(6)     As noted above, each ten-year term of imprisonment for PFBPP is the minimum term of incarceration that must be imposed and cannot be suspended or reduced.[15] At Jackson's sentencing, the Court was statutorily prohibited from ordering those PFBPP prison terms to run consecutively; the

---

[12]     *Hewett v. State*, 2014 WL 5020251, at \*1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[13]     *State v. Reed*, 2014 WL 7148921, at \*2 (Del. Super. Ct. Dec. 16, 2014).

[14]     *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[15]     *See supra* note 4.

Court just had no authority to impose concurrent sentencing for someone in Jackson's circumstance.[16] And the Court cannot do so via Rule 35(b) now.[17]

(7) In short, no matter the factors, facts, or circumstances Jackson asks the Court to consider, his cumulative term of imprisonment is a minimum statutory sentence that simply cannot be reduced under Criminal Rule 35(b).

**NOW, THEREFORE, IT IS ORDERED** that Gigere F. Jackson's motion for reduction of sentence must be **DENIED**.

Paul R. Wallace, Judge

Original to Prothonotary

cc:  John S. Taylor, Deputy Attorney General
     Ralph D. Wilkerson, Esquire
     Mr. Gigere F. Jackson, *pro se*
     Investigative Services Office

---

[16] DEL. CODE ANN. tit. 11, § 3901(d) (2017) (". . . no sentence of confinement . . . shall be made to run concurrently with any other sentence of confinement imposed . . . for any conviction of . . . possession of a firearm by a person prohibited where the criminal defendant was previously convicted of a Title 11 violent felony.").

[17] *State v. Thomas*, 220 A.3d 257, 261-264 (Del. Super. Ct. 2019).