# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **ID: 1705021755** |
| v. | ) | **1707115524** |
| | ) | **1707018746** |
| **COURTNEY JONES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER ON DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE UNDER RULE 35

1. On December 14, 2018, Defendant plead guilty to several criminal charges including Possession of a Firearm by a Prohibited Person, Conspiracy, and several counts of Robbery. Defendants' cumulative sentence for these offenses included a total of eight (8) years of Level V incarceration with credit for 37 days previously served.

2. On March 7, 2019, Defendant filed a Motion for Modification of his sentence ("March 2019 Motion") pursuant to Rule 35 of the Delaware Rules of Criminal Procedure ("Rule 35"). The March 2019 Motion did not contain any substantive arguments for modification of Defendant's sentence. Instead, Defendant wrote that the purpose of this motion was to

have the Court "acknowledge that [Defendant] had timely filed [a] motion for modification in sentence within the 90 day time frame prescribed by Rule 35 [sic]" and that Defendant intended to file another motion containing substantive grounds for a reduced sentence at a later date.[1]

3. Defendant has now filed a second Motion pursuant to Rule 35 containing substantive arguments for a reduction of his sentence. Defendant's substantive argument is that the sentencing judge in his case imposed a sentence that was longer than what the State agreed to recommend in exchange for Defendant's guilty plea.

4. Under Rule 35, a criminal defendant may request that the Court modify or alter his sentence within 90 days of the defendant's initial sentencing date. The purpose of Rule 35 is to provide the Court with a reasonable period of time to consider altering its initial sentence.[2] If a motion is made within 90 days of sentencing, the Court has broad discretion to decide if it should alter its initial judgment.[3]

5. For the following reasons, Defendant's instant Rule 35 Motion is **DENIED** on both procedural and substantive grounds.

---

[1] Def.'s Mot. Ex. A.
[2] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967).
[3] *Hewett v. State*, 2014 WL 5020251, at *1 ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.")

## I. Defendant's Motion is procedurally barred because it was filed more than 90 days after Defendant was sentenced and because it is repetitive.

6. As an initial matter, Defendant's Motion must be denied as untimely and repetitive. Rule 35 states "The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed . . . The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances." Rule 35 further states that "[t]he court will not consider repetitive requests for reduction of sentence."

7. Defendant's Motion must be denied on both of these grounds. Defendant filed the present Motion on April 24, 2019. In other words, Defendant filed the present Motion 42 days *after* the initial 90-day deadline for Defendant to file a Rule 35 Motion expired on March 14, 2019.

8. Defendant filed his placeholder March 2019 Motion within the 90-day deadline for Rule 35 Motions. This, however, does not satisfy the 90-day time limit for Rule 35 motions. It is not enough for a defendant to file a placeholder motion within the 90-day deadline imposed by Rule 35. A defendant must file a motion which actually contains the substantive grounds for relief within the 90-day time limit. A defendant cannot avoid

Rule 35's 90-day time limit by filing a motion indicating that he intends to make his substantive arguments for relief at a later date.

9. Defendant's present Motion must also be denied because it is a "repetitive request" for a reduction of his sentence. Defendant's March 2019 Motion was also a Rule 35 Motion, and the record also reflects that Defendant submitted an additional Rule 35 Motion seeking a reduction of his sentence on January 15, 2020. The Hon. Andrea L. Rocanelli denied this Motion on March 17, 2020.[4]

10. Defendant notes that he filed both of his Rule 35 motions *pro se,* and that this may constitute the kind of "extraordinary circumstance" which would allow the Court to consider a Rule 35 motion filed after the 90-day time limit has expired. While the Court appreciates the difficulty faced by *pro se* litigants, Defendant's status as a *pro se* litigant in this Motion does not constitute an extraordinary circumstance sufficient to allow the court to extend the 90-day filing deadline imposed by the language of Rule 35.

**II. The sentencing judge in Defendant's case did not issue an erroneous sentence.**

11. Even if Defendant's Motion were not procedurally barred, however, his substantive argument is unpersuasive. Defendant seeks relief under Rule

---

[4] *State v. Jones* (Del. Supr. Mar. 17, 2020.) (ORDER) (Rocanelli, J.)

35 because the sentencing judge in his case imposed a sentence that was longer than what the State agreed to recommend as part of Defendant's plea deal. Defendant claims that the state agreed not to recommend more than seven years of Level V time in exchange for his guilty plea, but the judge sentenced him to eight years of Level V time.

12. This argument does not meet the heavy burden imposed on Defendant to receive relief under Rule 35. A sentencing judge is required to take the State's sentencing recommendation and any additional guidelines into consideration, but a sentencing judge is free to depart from the state's recommendation so long as the sentence he or she imposes is within statutory sentencing guidelines.[5] Additionally, the record in this case includes a document which contains the terms of the plea agreement between Defendant and the State. The document states that in exchange for Defendant's guilty plea, "The State agrees to cap its unsuspended Level V recommendation at 10 years." The document is signed by the both Defendant and his defense counsel, Jonathan Layton, and is dated February 5, 2018. In other words, the record indicates that the state agreed to cap its

---

[5] See e.g. Del. R. Crim. P. 11 (noting that the Court is required to inform Defendants prior to sentencing of "the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances.")

recommendation for Level V time at a maximum of ten years, rather than seven years as Defendant indicates.

13. For the foregoing reasons, Defendant's Motion for a modification of his sentence pursuant to Rule 35 is **DENIED.**

_____
FRANCIS J. JONES Jr., Judge

12-21-2020