**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. #1602015453A/B |
| | ) | |
| | ) | |
| RONALD B. JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: March 10, 2023
Date Decided: March 17, 2023

**ORDER DENYING RONALD B. JACKSON'S MOTION
TO CORRECT AN ILLEGAL SENTENCE**

This 17th day of March, 2023, upon consideration of the Motion for Correction of an Illegal Sentence (the "Rule 35 Motion") filed by Ronald B. Jackson; the letter, dated March 10, 2023, from Samuel B. Kenney to the Honorable Eric M. Davis (the "Response"); Rule 35(a) of the Superior Court Rules of Criminal Procedure ("Criminal Rule 35(a)"); the facts, arguments and legal authorities set forth in the Rule 35 Motion; and, the entire record in this case:

1. On February 13, 2016, Mr. Jackson was at the apartment of Tyrone Roberts. The two had a dispute. Mr. Roberts called 911 and reported that Mr. Jackson threatened to kill him and fired a gun at him inside the apartment. Mr. Jackson did not dispute that he was at the apartment, but claimed the apartment already had a bullet hole in a window, a shot occurred outside, Mr. Roberts was high on PCP and accused Mr. Jackson of trying to kill him. Around this same time, WPD officers wearing body cameras were on patrol nearby and heard a shot. The officers saw Mr. Jackson in the area gave chase. Mr. Jackson ran back toward the apartment where he was eventually apprehended on the exterior stairway. While pursuing Mr. Jackson, the officers observed Mr. Jackson throw something that appeared to be a gun and they later recovered a handgun in that area. Mr. Jackson testified that he was not the man they saw

running.   The State did not recover fingerprints, DNA or gunshot residue from the gun. They also did not recover discharged bullets or spent shell casings in the apartment.

2.      The State charged Mr. Jackson with Possession of a Firearm by a Person Prohibited (PFBPP), Possession of Ammunition by a Person Prohibited (PABPP), Carrying a Concealed Deadly Weapon (CCDW), Receiving a Stolen Firearm, Aggravated Menacing, Possession of a Firearm During the Commission of a Felony (PFDCF) (2 counts), Reckless Endangering First Degree, Offensive Touching, Criminal Mischief, Resisting Arrest and Criminal Impersonation.   The Court granted a motion to sever the PFBPP and PABPP charges and the remaining case proceeded to a jury trial.[1]

3.      On or about November 17, 2016, the jury found Mr. Jackson guilty of all remaining charges.   After a bench trial, the Court found Mr. Jackson guilty of the "person prohibited" charges.   The Court then ordered a pre-sentence investigation and set a sentencing date.   On February 17, 2017, the Court granted the State's Motion to Declare Mr. Jackson an Habitual Offender.   The Court then sentenced Mr. Jackson to a total of 60 years at Level V, suspended after 35 years.   Mr. Jackson appealed, and the Supreme Court affirmed his conviction.[2]

4.      Thereafter, Mr. Jackson sought post-conviction relief under Criminal Rule 61. Mr. Jackson contended that his trial counsel was ineffective by: (i) failing to properly investigate the scene; (ii) failing to effectively discredit the victim; (iii) failing to effectively challenge the

---

[1] The State entered a *nolle prosequi* on the Receiving Stolen Firearm charge and the Court dismissed the Offensive Touching charge.
[2] *Jackson v. State*, 2018 WL 936845 (Del. Feb. 16, 2018).

ShotSpotter evidence; and (iv) making cumulative errors. No claims were made as to trial counsel and sentencing. The Court denied that relief on June 22, 2020.[3]

5. Pursuant to Criminal Rule 35(a), the Court may "correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within [90 days after the sentence is imposed.]"[4] While the rule permits the Court to correct an illegal sentence at "any time," the Court may only correct a sentence imposed in an illegal manner within the time provided for reduction of sentence under Criminal Rule 35(b) – *i.e.*, 90 days after the sentence is imposed.[5] The intent of Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[6] A sentence is illegal when it exceeds the maximum sentence authorized by law, violates double jeopardy, is ambiguous with respect to the time and place to be served, is internally inconsistent, omits a term required by statute, is uncertain as to its substance or is not authorized by the judgment of conviction.[7]

6. Mr. Jackson contends his sentence is illegal because the Court applied, as Mr. Jackson defines 11 Del. C. § 4214 ("Section 4214"), the "new habitual" statute as opposed to the "old habitual" statute. The "old habitual" statute was in effect from July 3, 2013 until July 18, 2016. The "new habitual" statute became effective on July 19, 2016. Mr. Jackson's criminal acts occurred on February 23, 2016.

7. Mr. Jackson argues the Court's application of the "new habitual" Section 4214 makes his sentence illegal. Mr. Jackson claims that the Court should have used the "old habitual" Section 4214 that applied on February 23, 2016.

---

3 *State v. Jackson*, 2020 WL 3428971 (Del. Super. June 22, 2020).
4 Super. Ct. Crim. R. 35(a).
5 *Winn v. State*, 716 A.2d 975 (Del. 1998) (Table).
6 *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967)(*per curiam*).
7 *See, e.g.*, *Monroe v. State*, 843 A.2d 696 (Del. 2004) (Table); *Johnson v. State*, 758 A.2d 933 (Del. 2000) (Table).

8.     The Court has reviewed the Rule 35 Motion and the Response.   In the Response, the State argues that Mr. Jackson's sentence is not illegal whether the "new habitual" statute is applied or the "old habitual" statute is applied.   The Court agrees.

9.     The Court found that Mr. Jackson qualified as a habitual offender because he was: (i) twice convicted of felonies, (ii) once convicted of a violent felony and (iii) recently convicted for the violent felony of Possession of a Firearm During the Commission of a Felony.   The Court then held that Mr. Jackson's sentencing fell within the provisions of 11 Del C. § 4214(c). Clearly, the Court sentenced Mr. Jackson under the "new habitual" statute.[8]

10.     The result would be no different under the "old habitual" statute.   Under the "old habitual" statute, the Court would have to find that Mr. Jackson qualifies as a habitual offender because he was: (i) three times convicted of felonies, and (ii) recently convicted for the violent felony of Possession of a Firearm During the Commission of a Felony.[9]   Under the "old habitual" statute, the Court would then have to sentence Mr. Jackson to no less than 25 years at Level V—*i.e.*, "a minimum sentence which shall not be less than the statutory maximum penalty provided for elsewhere in this title for the fourth or subsequent felony which forms the basis of the State's petition…."[10]

11.     No additional information has been provided to the Court that would warrant a reduction or modification of this sentence.   As such, the sentence is appropriate for all the reasons stated at the time of sentencing.   In addition, the Court finds that the sentence is not an illegal sentence as the sentence would be the same under pre-July 18, 2018 version of Section 4214 or the post-July 18, 2016 version of Section 4214.

---

[8] *See* Rule 35 Motion, Ex. 5.
[9] *See Ayala v. State*, 204 A.3d 829, 840 (Del. 2019); Rule 35 Motion, Ex. 3 (§4214(a)).
[10] *Ayala,* 204 A.3d at 840.

4

12. Accordingly, for the reasons stated above, this Court finds that Mr. Jackson has not demonstrated cause for the relief sought in the Rule 35 Motion.

**IT IS ORDERED** that Ronald B. Jackson's Motion for Correction of Illegal Sentence is **DENIED**.

*/s/ Eric M. Davis*
**Eric M. Davis, Judge**

Original to Prothonotary:
cc:    Ronald B. Jackson (SBI#00275415)
       Samuel B. Kenney, Esq., DAG
       Investigative Services