# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                                            )

     v.                        )        ID No. 2201005596
                                            )

BOOKER WALLACE,        )
                                            )

         Defendant.     )
                                            )

Date Submitted: November 25, 2024
Date Decided: February 10, 2025

## **ORDER**

Upon consideration of Wallace's Motion for Sentence Modification,[1] Delaware Superior Court Criminal Rule 35(b),[2] statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)    On May 15, 2023, Wallace pled guilty to Assault First Degree (IN22-08-1686), Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF") (IN22-04-1067), Strangulation (IN22-04-1068), Unlawful Sexual Contact Third Degree (IN22-08-1687), and Endangering Child Welfare (IN22-04-1069).[3]

(2)    By Order dated July 28, 2023, the Court sentenced Wallace as follows: for Assault First Degree, 25 years Level V, suspended after 15 years Level V for 10

---

[1] D.I. 22; D.I. 24.
[2] Del. Super. Ct. Crim. R. 35(b).
[3] D.I. 14.

years Level IV DOC Discretion, suspended after 6 months Level IV DOC Discretion for 2 years Level III GPS;[4] for PDWDCF, 20 years Level V, suspended after 4 years Level V for 2 years Level III;[5] for Strangulation, 8 years Level V, suspended after 2 years Level V for 2 years Level III;[6] for Unlawful Sexual Contact Third Degree, 1 year Level V, suspended for 1 year Level II;[7] and for Endangering Child Welfare, 1 year Level V, suspended for 1 year Level II.[8]  Wallace was sentenced to a total of 21 years of unsuspended Level V time.[9]

(3)   On October 23, 2023, Wallace filed his Motion for Sentence Modification ("Motion") requesting the Court to adjust his sentence for Assault First Degree from 25 years Level V suspended after 15 years, to 25 years Level V suspended after 10 years.[10]  On October 25, 2023, the Court ordered that it would defer from ruling on the Motion pending resolution of Wallace's direct appeal in the Delaware Supreme Court.[11]  On October 26, 2023, the Office of Defense Services filed a Motion for Reduction of Sentence to be considered alongside Wallace's *pro*

---

[4] Wallace is to be held at Level V until space is available at Level IV DOC Discretion.  D.I. 17. The first two years of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* 613(a)(1).  *Id.*

[5] The first two years of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* 1447.  D.I. 17.

[6] Probation is concurrent to criminal action number PN22-08-1686.  D.I. 17.

[7] Probation is consecutive to criminal action number IN22-04-1068.  D.I. 17.

[8] Probation is concurrent to criminal action number PN22-08-1687.  D.I. 17.

[9] D.I. 17.

[10] D.I. 22; *see also* D.I. 24 (requesting the Court to consider a reduction of sentence).

[11] D.I. 23.

*se* Motion.[12]

(4) On August 20, 2024, the Delaware Supreme Court issued its decision affirming the Court's judgement on appeal.[13] On September 9, 2024, Wallace filed a letter informing the Court that he wants to renew his Motion.[14] On November 25, 2024, at the Court's request, the State responded to Wallace's Motion.[15]

(5) Delaware Superior Court Criminal Rule 35(b) governs motions for modification of sentence.[16] The purpose of Rule 35(b) is to "provide a reasonable period for the Court to consider alteration of its sentencing judgments."[17] Rule 35(b) contains procedural bars for timeliness and repetitiveness.[18]

(6) Pursuant to Rule 35(b), "[t]he [C]ourt may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[19] Wallace was sentenced on July 28, 2023, he filed his *pro se* Motion on October 23, 2023, and Office of Defense Counsel filed its Motion on October 26, 2023. Therefore, Wallace's Motion is timely.[20]

---

[12] D.I. 24.
[13] D.I. 27.
[14] The Court considers Wallace's letter a renewal of his original *pro se* Motion. D.I. 26.
[15] The State took no position on Wallace's request, deferring to the Court. D.I. 29.
[16] Del. Super. Ct. Crim. R. 35(b).
[17] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. 2014) (citing *Johnson v. State*, 234 A.2d 447, 448 (Del.1967)).
[18] Del. Super. Ct. Crim. R. 35(b).
[19] *Id*.
[20] There are 88 days between July 28, 2023 and October 23, 2023. There are 90 days between July 28, 2023 and October 26, 2023.

(7)     Pursuant to Rule 35(b), the "[C]ourt will not consider repetitive requests for reduction of sentence."[21]  This is Wallace's first Motion for Sentence Modification.  Therefore, Wallace's Motion is not repetitive.

(8)     Since Wallace's Motion is timely and not repetitive, the Motion is not procedurally barred.  Therefore, the Court will review the Motion based on its merits.

(9)     On May 15, 2023, Wallace pled guilty to Assault First.[22]  The facts for that charge are as follows: Wallace punched victim in the back of the head, causing her to fall down half a flight of stairs, then Wallace proceeded to stab the victim numerous times in the shoulders, neck, and chest with a knife.[23]

(10)     At sentencing, the Court reviewed the aggravating and mitigating factors in the case.[24]  The aggravating factors included: (a) excessive cruelty, (b) undue depreciation of the offense, and (c) Wallace's prior conviction of simple assault and contempt for a violation of a court order.[25]  The mitigating factors included: Wallace's (a) mental health, (b) limited criminal history, (c) choice to not put the victim through trial, (d) remorse for his actions, and (e) strong familial support.[26]

---

[21] Del. Super. Ct. Crim. R. 35(b).
[22] D.I. 14.
[23] Presentence Investigation Report at 2; *see also* D.I. 19 at 10:15-21.  The Court only reviews the facts of the Assault First conviction because Booker only requests a modification of his sentence for that particular charge.  D.I. 22.
[24] *See* D.I. 19.
[25] D.I. 19 at 23:17-18; 24:15-18; 24:20-25:2; 27:19-28:1.
[26] D.I. 19 at 23:6-16.

(11)   Because of the gravity of the crime and the weight of the aggravating factors, the Court finds Wallace's sentence is appropriate for all the reasons stated at the time of sentencing.[27]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Wallace's Motion is **DENIED**.

**IT IS SO ORDERED.**

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

cc:   Original to Prothonotary
James O. Turner Jr., Esq.
Jenna R. Milecki, Esq.

---

[27] The Delaware Supreme Court found Wallace's sentence was not plainly erroneous.  D.I. 27 ¶ 27.