**THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
v. ) I.D. 2311013202 &
) 2409006539
TYEEM ROANE, )
)
Defendant. )

Date Submitted: February 25, 2026
Date Decided: March 18, 2026

**ORDER DENYING TYEEM ROANE'S MOTION
FOR REDUCTION/MODIFICATION OF SENTENCE**

Upon consideration of the Motion for Reduction/Modification of Sentence filed by Roane, the State's opposition, the character letters submitted in support of a modification, Superior Court Rule of Criminal Procedure 35(b), statutory and decisional law, and the entire record in this case, it appears to the Court that:

1. On November 14, 2024, Defendant Tyeem Roane (hereinafter "Roane" or "Defendant") was convicted by a jury of one count Drug Possession (cocaine), two counts of Illegal Possession of a Controlled Substance (Fentanyl & Oxycodone) and one count of Possession of Drug Paraphernalia. Roane was acquitted of two counts of Drug Dealing in Case No. 2311013202.[1] On June 16, 2025, Roane pled guilty in Case No. 2409006539 to two counts of Possessing a Controlled Substance.[2]

---

[1] *State v. Tyeem Roane*, Crim. Act. No. 2311013202 Docket Item (hereinafter "D.I.") 22.
[2] *State v. Tyeem Roane*, Crim. Act. No. 2409006539 D.I. 23.

Sentencing in both cases occurred on October 1, 2025.[3]  At that time, Roane was sentenced as follows:

> IN25-02-0112 Possession of a Controlled Substance:  20 years at Level V suspended after 3 years, for decreasing levels of probation
>
> IN 25-02-0111 – Possession of a Controlled Substance: 3 years at Level V suspended after 1 year, for 18 months of Level III probation
>
> IN24-02-0112 Possession of a Controlled Substance:  1 year at Level V with no probation to follow
>
> IN24-01-0357 – Possession of a Controlled Substance:  6 months at Level V suspended for 1 year of concurrent Level III probation
>
> IN24-01-0359 – Possession of Drug Paraphernalia - $100 fine.[4]

2.    On December 31, 2025, counsel for Roane wrote to the Court requesting leave to submit additional character letters on behalf of Roane in hopes of reducing his sentence.   Roane asks for one year at Level V to be removed from his sentence.[5]

3.    The Court granted multiple extensions to defense in submitting the requested character letters.  Upon review of these letters, the Court has learned nothing that would have changed the outcome of the sentencing hearing, had these been provided to the Court at that time.

---

[3] D.I. 26-27 (2409006539); D.I. 24-25 (2311013202).
[4] *Id.*
[5] D.I. 26 (2311013202), D.I. 28 (2409006539).

4. Pursuant to Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[6] The intent of Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[7] Where a motion for reduction of sentence is filed, under Criminal Rule 35(b), within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[8] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[9] Roane's submissions are timely.

5. A portion of the sentence in this case was imposed pursuant to a Plea Agreement between the State and Roane and signed by Roane himself. Pursuant to Superior Court Criminal Procedural Rule 11(c)(1), the Court addressed Roane personally in open court and determined that he understood the nature of the charges to which the plea was offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. Accordingly, Defendant

---

[6] Super. Ct. Crim. R. 35(b).
[7] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (*per curiam*).
[8] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").
[9] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (citing *United States v. Ellenbogen*, 390 F.2d 537, 541–43 (2d. Cir. 1968) (explaining the time limitation and purpose of then-existent sentence reduction provision of Fed. R. Crim. P. 35, the federal analogue to current Criminal Rule 35(b)).

acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case.

6.     Following the detailed pre-sentence investigation, the Court considered the submissions and argument of both the State and defense, Roane's criminal history and custody status at the time of these offenses, his family history, and the statutory range of penalties for each offense set by the legislature.

7.     After careful review, it is clear that the sentence imposed is appropriate for all the reasons stated at the time of sentencing.   No additional information has been provided to the Court that would warrant a reduction or modification of this sentence.   Indeed, upon consideration of Roane's Rule 35 Motion, the Court finds that the sentence imposed was well within the statutory guidelines, as well as reasonable and just under the circumstances presented.

8.     Accordingly, for the reasons stated above, this Court finds that Roane has not demonstrated cause for the relief sought in his Rule 35 Motion.


**[CONTINUED TO NEXT PAGE]**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Roane's Motion for Reduction/Modification of Sentence is **DENIED**.

_____
**The Honorable Danielle J. Brennan**

Original to Prothonotary

cc:    James Turner, Esquire
       Beth Savitz, Esquire
       Investigative Services