ROGER R. BOATSWAIN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 220, 2008
Supreme Court of Delaware.
Submitted: October 15, 2008
Decided: October 31, 2008
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices

ORDER
RANDY J. HOLLAND, Justice.
This 31st day of October 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Roger R. Boatswain, filed an appeal from the Superior Court's April 8, 2008 order summarily dismissing his postconviction motion pursuant to Superior Court Criminal Rule 61. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and AFFIRM.
(2) In July 2004, Boatswain was found guilty by a Superior Court jury of Robbery in the First Degree, Possession of Deadly Weapon By a Person Prohibited, and two counts of Possession of a Deadly Weapon During the Commission of a Felony. This Court affirmed Boatswain's convictions on direct appeal.[1]
(3) In his appeal, Boatswain claims that the Superior Court abused its discretion by summarily denying his postconviction motion without ordering transcripts of the trial to be prepared. He contends that, without the benefit of the transcripts of sidebar conferences and the prayer conference in particular, he is unable to support his claim of ineffective assistance of counsel.
(4) In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[2] Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[3] The defendant must make concrete allegations of ineffective assistance, and substantiate them, or risk summary dismissal.[4]
(5) Boatswain contends that he has not been provided transcripts of the sidebar conferences and the prayer conference that occurred during the course of trial, which, he argues, are necessary to support his ineffectiveness claim. However, he has included in his appendix that portion of the trial transcript in which he requests a continuance to obtain other counsel, suggesting that he was provided a complete copy of the trial transcript in connection with his direct appeal. Not only has Boatswain failed to articulate in what manner he believes his counsel was ineffective, he has failed to articulate what information might be contained in the transcripts of the sidebar conferences and prayer conference that would support his claim. In the absence of any basis for Boatswain's claim of ineffective assistance of counsel, we conclude that the Superior Court was correct in summarily dismissing it.
(6) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Boatswain v. State, Del. Supr., No. 408, 2004, Steele, C.J. (Apr. 27, 2005).
[2] Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
[3] Flamer v. State, 585 A.2d 736, 753 (Del. 1990).
[4] Younger v. State, 580 A.2d 552, 556 (Del. 1990).