**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
                           )
         v.                  )       I.D. # 0304003074
                           )
                           )
ROGER R. BOATSWAIN, )
                           )
Defendant. )

Date Submitted: October 14, 2022
Date Decided: November 2, 2022

**ORDER DENYING ROGER R. BOATSWAIN'S SECOND MOTION
FOR MODIFICATION/REDUCTION OF SENTENCE**

This 2nd day of November, 2022, upon consideration of the Motion for

Modification/Reduction of Sentence (the "Second Rule 35 Motion") filed by Roger R.

Boatswain; the exhibits attached to the Rule 35 Motion; Rule 35 of the Superior Court Rules of

Criminal Procedure ("Criminal Rule 35"); the facts, arguments and legal authorities set forth in

the Second Rule 35 Motion; and the entire record in this case:

**BACKGROUND**

1.        On July 1, 2004, a jury found Mr. Boatswain guilty of Robbery in the First

Degree, Possession of Deadly Weapon By a Person Prohibited, and two counts of Possession of

a Deadly Weapon During the Commission of a Felony.[1]   The Court sentenced Mr. Boatswain on

September 3, 2004.[2]   The Supreme Court affirmed Mr. Boatswain's convictions on direct

appeal.[3]

2.        Subsequently, April 7, 2008, Mr. Boatswain sought relief under Criminal Rule 61

(the "Rule 61 Motion"), arguing ineffective assistance of counsel.[4]   The Court summarily denied

---

[1] D.I. No. 16.
[2] D.I. No. 30.
[3] *Boatswain v. State,* 872 A.2d 959 (Del. 2005).
[4] D.I. No. 40.

the Rule 61 Motion.[5]   The Supreme Court then summarily dismissed the appeal of the Rule 61 Motion.[6]

3.       Mr. Boatswain first sought relief under Criminal Rule 35 in 2004 (the "First Rule 35 Motion").[7]   Mr. Boatswain signed the First Rule 35 Motion on November 23, 2004.[8]   The Prothonotary received the First Rule 35 Motion on November 29, 2004 and docketed that motion on December 16, 2004.[9]

4.       The First Rule 35 Motion asserted one basis for relief—"Maintains[] of innocence."[10]   Mr. Boatswain provided two supporting facts: (i) insufficient evidence; and (ii) ineffective assistance of counsel.   However, Mr. Boatswain failed to expand his position with any specific facts, affidavits or exhibits.   Mr. Boatswain argued that his sentence should be modified to "0" years of incarceration.   The Court denied the First Rule 35 Motion on December 27, 2004.[11]   The Court denied the First Rule 35 Motion for being untimely, seeking modification of mandatory sentences, and that the sentence was appropriate for all the reasons stated at the time of sentencing.[12]   Mr. Boatswain did not appeal.

**SECOND RULE 35 MOTION**

5.       Mr. Boatswain filed the Second Rule 35 Motion on October 14, 2022.   In support of sentence modification, Mr. Boatswain makes two basic arguments.   First, Mr. Boatswain contends that the Second Rule 35 Motion should be considered timely because the Court erred when it held that the First Rule 35 Motion was untimely.   Mr. Boatswain makes a "relation

---

[5] *State v. Boatswain*, 2008 WL 1724255 (Del. Super. April 8, 2008).
[6] *Boatswain v. State*, 962 A.2d 256 (Del. 2008)(Table).
[7] D.I. No. 31.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] D.I. No. 32.
[12] *Id.*

2

back" type argument based on error.   As such, Mr. Boatswain seems to contend the Second Rule 35 Motion is not subject to Criminal Rule 35's procedural bars.   Second, Mr. Boatswain contends "extraordinary circumstances" exist because the Department of Corrections ("DOC") wrongfully refuses to file a petition with the Court to modify his sentence under 11 *Del. C.* § 4217 ("Section 4217").

## DISCUSSION

6.      Pursuant to Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[13]   The intent of Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[14]   Under Criminal Rule 35(b), the Court has broad discretion to decide if it should alter its judgment when a motion for reduction of sentence is filed within 90 days of sentencing.[15]   "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[16]

7.      The Court sentenced Mr. Boatswain on September 3, 2004.   Mr. Boatswain filed the Second Rule 35 Motion on October 14, 2022.   Mr. Boatswain filed the Second Rule 35 Motion more than 90 days after imposition of the sentence and is, therefore, time barred.

8.      By use of the docket, Mr. Boatswain demonstrates that the First Rule 35 Motion was timely filed.   Mr. Boatswain then makes a form of relation back argument, contending that the Second Rule 35 Motion is, in essence, a timely first motion.   Mr. Boatswain's argument

---

[13] Super. Ct. Crim. R. 35(b); *see also State v. Culp*, No. 249, 2016, 2016 WL 7176720, at *2 (Del. Dec. 8, 2016).
[14] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967)(*per curiam*).
[15] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014)("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.")
[16] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014)(citing *United States v. Ellenbogen*, 390 F.2d 537, 541-43 (2d. Cir. 1968)(explaining the time limitation and purpose of then-extant sentence reduction provision of Fed. R. Crim. P. 35, the federal analogue to current Criminal Rule 35(b)).

ignores that: (i) Mr. Boatswain failed to appeal the Court's ruling; and (ii) the Court did not deny the First Rule 35 Motion only because it was untimely.

9.     Mr. Boatswain could have appealed the Court's decision on the First Rule 35 Motion if he felt there was error.   Mr. Boatswain appealed other matters in this criminal case—a direct appeal of his conviction and the summary denial of his Criminal Rule 61 Motion.   In addition, the Court did not deny the First Rule 35 Motion merely because it was untimely.   The Court also denied the First Rule 35 Motion as it sought modification of mandatory sentences and because the Court, exercising its discretion, felt the sentence was appropriate.[17]   Under these circumstances, the Court will not ignore the dictates of Criminal Rule 35(b)[18] and deem the Second Rule 35 Motion as timely or as a supplement to the First Rule 35 Motion.

10.     The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to Section 4217.[19]   In order to "uphold the finality of sentences," Delaware law places a heavy burden on the moving party to establish extraordinary circumstances.[20]   In *State v. Diaz*, the Supreme Court held that "extraordinary circumstances" are those types of circumstances that "specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from

---

[17] The First Rule 35 Motion did not state valid reasons for modification under Criminal Rule 35.   Mr. Boatswains arguments regarding actual innocence based on lack of evidence or ineffective counsel should and could have been dealt with on direct appeal on under Criminal Rule 61.

[18] Criminal Rule 35 requires that motions to reduce or modify a sentence be filed within 90-days of sentencing and that the Court will not consider repetitive requests to modify or reduce a sentence.   Super. Ct. Crim. R. 35(b).

[19] Section 4217 permits the Superior Court to modify a sentence solely on the basis of an application filed by the Department of Correction ("DOC") "for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's own self." 11 *Del. C.* § 4217(b). Good cause includes, but is not limited to, "rehabilitation of the offender, serious medical illness or infirmity of the offender and prison overcrowding."   11 *Del. C.* § 4217(c).   For purposes of Section 4217, "rehabilitation" is defined as "the process of restoring an individual to a useful and constructive place in society especially through some form of vocational, correctional, or therapeutic retraining." 11 *Del. C.* § 4217(h).   Such applications by the DOC "shall be filed with the Board of Parole." 11 *Del. C.* § 4217(d)(1).

[20] *Johnson*, 2006 WL 3872849, at *3; *see also State v. Diaz*, 113 A.3d 1081 (table), 2015 WL 1741768, at *2-3 (Del. 2015).

seeking the remedy on a timely basis.'"[21]  Mitigating factors that could have been presented at sentencing, exemplary conduct or successful rehabilitation while incarcerated do not constitute "extraordinary circumstances."[22]

11.     The Rule 35 Motion was not filed under Section 4217.   Moreover, the Court has reviewed the basis of relief set out in the Rule 35 Motion, and the Court does not find the existence of any extraordinary circumstances.

12.     Mr. Boatswain contends that DOC will not file an application under Section 4217 even though Mr. Boatswain has gotten favorable rulings by certain internal review panels (*e.g.*, he DOC MDT Classification Board).   Mr. Boatswain contends that DOC is not correctly or impartially processing Mr. Boatswain's Section 4217 request.   Mr. Boatswain wants the Court to undertake its own analysis of his case under Section 4217 because Mr. Boatswain contends that DOC is arbitrarily refusing to seek modification under that section with the Court.   Mr. Boatswain contends that this constitutes "extraordinary circumstances" warranting consideration of the Second Rule 35 Motion.

13.     The Court refuses Mr. Boatswain's invitation to take on the role of DOC and the Board of Parole under Section 4217.   Section 4217 expressly establishes a process under which DOC and the Board of Parole can file an application with the Court that seeks modification of a sentence.   This process makes sense.   Those institutions are better positioned than the Court to analyze whether Mr. Boatswain has been rehabilitated, has a serious medical illness or infirmity,

---

[21] *Diaz*, 2015 WL 1741768, at *2-3; *see also State v. Lewis*, 797 A.2d 1198, 1205 (Del. 2002)(Steele, J., dissenting).
[22] *State v. Liket*, 2002 WL 31133101 (Del. Super. Sept. 25, 2002)(exemplary conduct or successful rehabilitation during incarceration does not qualify as extraordinary circumstances and relief for such achievements is more properly addressed to the parole board); *see also United States v. LaMorte,* 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro,* No. 89 Cr. 001, 1992 WL 73366, at *1 (S.D.N.Y. April 1, 1992)(Court stated that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction in sentence.").

or that there is prison overcrowding.[23]  In addition, DOC and the Board of Parole are better situated than the Court to make the certification that Mr. Boatswain "shall not constitute a substantial risk to the community or [Mr. Boatswain's] own self."[24]

14.  Criminal Rule 35(b) provides that "[t]he court *will not* consider repetitive requests for reduction of sentence."[25]  Unlike the 90-day jurisdictional limit with its "extraordinary circumstances" exception, the bar to repetitive motions has no exception.  Instead, this bar is absolute and flatly "prohibits repetitive requests for reduction of sentence."[26]  A motion is repetitive, as used in Criminal Rule 35(b), "…when it is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[27]  Criminal Rule 35(b) does not set out any exception to repetitive motion procedural bar.

15.  The Second Rule 35 Motion is Mr. Boatswain's second motion under Criminal Rule 35(b).  Mr. Boatswain argues that the Second Rule 35 Motion is his first motion because the Court erred in finding the First Rule 35 Motion was untimely.  As discussed above, if the Court erred, Mr. Boatswain should have appealed the decision.  Mr. Boatswain did not appeal.  Moreover, Mr. Boatswain fails to acknowledge that the Court made alternative rulings when denying the First Rule 35 Motion.  As such, the Court finds the Second Rule 35 Motion is a repetitive request under Criminal Rule 35(b).  Criminal Rule 35(b) therefore applies to procedurally bar the Second Rule 35 Motion.

---

[23] 11 *Del. C.* § 4217(c).
[24] 11 *Del. C.* § 4217(b).
[25] Super. Ct. Crim. R. 35(b)(emphasis added).
[26] *Thomas v. State*, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002).  *See also Jenkins v. State*, 2008 WL 2721536, at *1 (Del. July 14, 2008)(Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 2004 WL 716773, at *2 (Del. Mar. 24, 2004)("motion was repetitive, which also precluded its consideration by the Superior Court").
[27] *Culp*, No. 249, 2016, 2016 WL 7176720, at *2; *see also Valentine v. State*, 106 A.2d 1050 (table), 2014 WL 7894374, at *2 (Del. 2014)(describing a second Criminal Rule 35(b) motion that raised a new argument as "untimely and repetitive").

16.    No additional information has been provided to the Court that would warrant a reduction or modification of this sentence.   As such, the sentence is appropriate for all the reasons stated at the time of sentencing.

**CONCLUSION**

17.    Accordingly, for the reasons stated above, this Court finds that Mr. Boatswain has not demonstrated cause for the relief sought in the Second Rule 35 Motion.

**IT IS ORDERED** that Roger R. Boatswain's Motion for Modification/Reduction of Sentence is **DENIED**.

*/s/ Eric M. Davis*
Eric M. Davis, Judge

Original to Prothonotary:
cc:    Roger R. Boatswain (SBI#00229654)
        Melissa Dill, Esq.
        Annemarie Puit, Esq., DAG
        Investigative Services