KENNETH D. HAWKES, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 209, 2009.
Supreme Court of Delaware.
Submitted: September 14, 2009.
Decided: September 28, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 28th day of September, upon consideration of the briefs of the parties and the Superior Court record it appears to the Court that:
(1) The appellant, Kenneth D. Hawkes, filed an appeal from the Superior Court's March 17, 2009 order denying his document entitled "motion to compel." We conclude that there is no merit to the appeal; accordingly, we affirm.
(2) In September 2008, Hawkes pled guilty to two counts of Robbery in the First Degree, one count of Robbery in the Second Degree and one count of Attempted Robbery in the Second Degree. Hawkes was sentenced in November 2008 to a total of eighteen years of imprisonment suspended after six years for six months at Level IV work release or home confinement and one year at Level III probation.
(3) In December 2008, Hawkes filed a document entitled "motion to compel." Hawkes' motion sought to compel the Department of Correction ("DOC") to recalculate his good time credit. By order dated March 17, 2009, the Superior Court denied Hawkes' motion. This appeal followed.
(4) On appeal, Hawkes claims that the Superior Court's denial of his motion to compel was an abuse of discretion. According to Hawkes, he is entitled to 204 days of good time credit.
(5) The Superior Court did not abuse its discretion when denying Hawkes' motion to compel. A writ of mandamus is the "proper [procedural] vehicle" when a prisoner seeks to challenge the calculation of good time credit by the DOC or the failure of the DOC to apply good time credit to a sentence.[1]
(6) In this case, Hawkes did not petition the Superior Court for a writ of mandamus. The Superior Court was not required to treat Hawkes' motion to compel as a mandamus petition.[2]
NOW, THEREFORE, IT IS ORDRERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Anderson v. State, 2008 WL 187959 (Del. Supr.); Andrews v. State, 2007 WL 1599754 (Del. Supr.); Pasquale v. State, 2007 WL 2949140 (Del. Supr.); Cochran v. State, 2007 WL 2812870 (Del. Supr.); Ortiz v. State, 2007 WL 1885122 (Del. Supr.); Ortiz v. State, 2007 WL 1732729 (Del. Supr.).
[2] See, e.g., id.