DOUGLAS F. BRUNO (a/k/a DOUGLAS JAMES), Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 294, 2009.
Supreme Court of Delaware.
Submitted: January 8, 2010.
Decided: March 30, 2010.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 30th day of March 2010, upon consideration of the briefs on appeal and the Superior Court record, it appears to the Court that:
(1) The appellant, Douglas F. Bruno (a/k/a Douglas James) ("Bruno"), filed this appeal from the Superior Court's May 12, 2009 order denying his motion for correction of an illegal sentence. After careful consideration of the parties' positions on appeal, we have concluded that the judgment of the Superior Court should be affirmed.
(2) Bruno was indicted in 1993 on charges of Murder in the First Degree and related offenses. In January 1994, Bruno pled guilty to Murder in the Second Degree and Possession of a Deadly Weapon During the Commission of a Felony (PDWDCF). For PDWDCF, a class B felony, Bruno was sentenced to fifteen years imprisonment.[1]
(3) In April 2009, Bruno filed a motion for correction of an illegal sentence under Superior Court Criminal Rule 35(a) ("Rule 35(a)"). Bruno complained that he had not been awarded good time credit on the PDWDCF sentence. By order dated May 12, 2009, the Superior Court summarily denied Bruno's motion. This appeal followed.
(4) Bruno is not entitled to relief under Rule 35(a). Relief under Rule 35(a) is available when the sentence imposed exceeds the statutorily authorized limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to substance, or is a sentence that the judgment of conviction did not authorize.[2] In this case, Bruno has not demonstrated, and the record does not reflect, that he is serving an illegal sentence.[3]
(5) Bruno's claim in essence relates to the Department of Correction's method of applying good time credits to his sentence. We have held that a writ of mandamus filed in the Superior Court is the proper procedural vehicle when a prisoner seeks to challenge the Department of Correction's calculation or application of good time credit to a sentence.[4]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Code Ann. tit. 11, § 1447 (2009).
[2] Brittingham v. State, 705 A.2d 577, 578 (Del. 1998).
[3] See Del. Code Ann. tit. 11, § 4205(b)(2) (Interim Supp. 1989) (authorizing a sentence of up to twenty years for a class B felony) (amended 2006).
[4] See Young v. State, 2009 WL 3286026 (Del. Supr.) (listing cases); Hawkes v. State, 2009 WL 3087271 (Del. Supr.); In re Johnson, 2007 WL 4216981 (Del. Supr.).