# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted:  November 12, 2021
Date Decided:  December 1, 2021

Bryan P. Ammermon
SBI No. 728387
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, DE 19809

> RE:  *State v. Bryan P. Ammermon*
> I.D. Nos. 2101008779 and 2105012455
> *Motion to Reduce or Modify Sentence*

Dear Mr. Ammermon:

The Court is in receipt of your recent request to reduce or modify your sentence (D.I. 9; D.I. 7).

At a case review hearing held September 28, 2021, you pleaded guilty to two separate counts of felony Driving Under the Influence-Fourth Offense.[1]  You were then sentenced to serve:  for DUI-Felony (N21-05-1209)—Two years at Level V suspended after six months at Level V for one year of Level III-TASC probation; and for for DUI-Felony (N21-05-1209)—Two years at Level V suspended after six months at Level V for one year of Level III-TASC probation.  The Court's order provides that your sentence is effective May 24, 2021, that your terms of confinement are to run consecutively, and that certain other conditions are applicable to your terms of incarceration and probation.[2]

---

[1]  Plea Agreement and TIS Guilty Plea Form, *State v. Bryan P. Ammermon*, ID Nos. 2101008779 and 2105012455 (Del. Super. Ct. Sept. 28, 2021) (D.I. 6; D.I. 5).

[2]  D.I. 7; D.I. 6.

You have now docketed a request under Rule 35(b) requesting modification of your Level V term; you ask that that the Court reduce your sentence by applying "additional good-time credit of 10 days per month for voluntary participation in the 6 for 1 program during pre-trial incarceration."[3]

"When addressing a sentence modification request, the Court first identifies the specific procedural mechanism the inmate attempts to invoke; it must then determine whether that mechanism is available under the circumstances."[4] The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[5]

But the relief you seek is not available under this Court's Rule 35(b). Because good time is not applied by the Court to modify its sentencing order and judicially reduce a Level V term it previously ordered. Rather, "in Delaware, good time is an administrative device that provides for an inmate's early release from a term of imprisonment" ordered by the Court.[6] And that device is administered by the

---

[3]   Def.'s Rule 35(b) Mot., at 2.

[4]   *State v. Tollis*, 126 A.3d 1117, 1119 (Del. Super. Ct. 2016). *See e.g., State v. Culp*, 152 A.3d 141 (Del. 2016) (Delaware Supreme Court examines the several sources of authority a trial court might have—but that were then inapplicable or unavailable—when the trial court reduced sentence); *see also State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015) (When considering requests for sentence modification, "this Court addresses any applicable procedural bars before turning to the merits.").

[5]   *See Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam); *see also State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) ("The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate" and such a timely Rule 35(b) request is essentially a plea for leniency—an appeal to the sentencing court to reconsider and show mercy).

[6]   *Young v. State*, 2009 WL 3286026, at *1 (Del. Oct. 13, 2009); *Douglas v. State*, 2010 WL 3262724, at *1 (Del. Aug. 18, 2010).

Department of Correction, not the Court.[7] You must allow the Department the opportunity to carry out that function in the first instance, because your claim in essence relates to the Department's method of applying good time credits to your sentence. There is nothing at present to say that the Department has or will not properly discharge its statutory duties related to the award and calculation of any applicable good time in your case. If it does not, the Delaware Supreme Court has consistently held that a writ of mandamus is the proper procedural vehicle to challenge the Department's calculation or application of good time credit to a sentence.[8]

Accordingly, the Court must **DENY** your request under Rule 35(b) to reduce or modify your sentence.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

Original to Prothonotary

cc:  Isaac A. Rank, Deputy Attorney General
     Gregory E. Smith, Deputy Attorney General
     Lacy E. Holly, III, Esquire
     Investigative Services Office

---

[7]  *See generally Snyder v. Andrews*, 708 A.2d 237 (Del. 1998) (describing the good time system and procedures).

[8]  *Walls v.* State, 2010 WL 5393996, at *1 (Del. Dec. 28, 2010) ("We have held that a writ of mandamus filed in the Superior Court (and not a motion under Rule 35(a) is the proper procedural vehicle to challenge the Department of Correction's calculation or application of good time credit."); *Bruno v. State*, 2010 WL 1227049, at *1 (Del. Mar. 30, 2010); *Young*, 2009 WL 3286026, at *1 n.6 (listing cases).