# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            )
                             )
  v.                         )     ID No. 1206022379
                             )
CHRISTOPHER CRAIG,           )
                             )
          Defendant.           )

## ORDER DENYING MOTION FOR CORRECTION OF ILLEGAL SENTENCE AND GRANTING COUNSEL'S MOTION TO WITHDRAW

This 30th day of March 2023, upon consideration of Defendant Christopher Craig's ("Defendant") *pro se* Amended Motion for Correction of Illegal Sentence ("Motion"),[1] the State's Response,[2] Conflict Counsel's Motion to Withdraw,[3] and the record in this case, **IT APPEARS TO THE COURT THAT**:

(1)  Defendant was convicted in 1997 of Murder in the Second Degree and Possession of a Deadly Weapon During the Commission of a Felony in Criminal ID No. 9508024373.  Defendant was sentenced to an aggregate of thirty-eight years of Level V incarceration.[4]

(2)  In July 2012, while serving his sentence in Criminal ID No. 9508024373, Defendant was indicted on one count of promoting prison contraband.  Defendant

---

[1] D.I. 40.
[2] D.I. 41.
[3] D.I. 39.
[4] *See Craig v. State*, 2021 WL 5140997, at *1 (Del. Nov. 4, 2021).

pled guilty to that charge and was sentenced to three years of Level V incarceration, suspended after twelve months for twelve months of Level III probation.[5]

(3) Defendant alleges that, in August 2018, the Department of Correction ("DOC") advised him that the good time credit he had earned on his sentence in Criminal ID No. 9508024373 was revoked by operation of statute because of his conviction for promoting prison contraband.[6]

(4) On August 1, 2019, Defendant filed a motion for postconviction relief, arguing, among other things, that his trial counsel was ineffective for failing to advise him that he was forfeiting the good time credit he had accumulated by pleading guilty to promoting prison contraband.[7] On August 29, 2019, this Court denied the motion on procedural grounds as untimely.[8] On August 26, 2020, the Delaware Supreme Court affirmed this Court's denial of the postconviction motion.[9]

(5) On October 1, 2020, Defendant filed a motion pursuant to Superior Court Criminal Rule 35(a) Correction or Reduction of Sentence ("Rule 35(a)"), arguing that the automatic forfeiture of his good time credit renders his sentence illegal.[10]

---

[5] D.I. 9 (Defendant committed the act on June 14, 2012 and was sentenced on November 5, 2012).
[6] *See* 11 *Del. C.* § 4382(a) ("Any person subject to the custody of the Department at Level IV or V shall, upon the conviction of any crime during the term of the sentence, forfeit all good time accumulated to the date of the criminal act; this forfeiture is not subject to suspension.").
[7] D.I. 12.
[8] D.I. 17.
[9] D.I. 23.
[10] D.I. 24.

On November 18, 2020, this Court denied the motion.[11]  On appeal, the Delaware Supreme Court found that the Superior Court Judge who decided the Rule 35(a) Motion should have disqualified himself from the matter because he had served as Defendant's counsel in the contraband case.[12]  The motion was therefore remanded for reconsideration by this Court.[13]

(6)  Upon remand, Benjamin Gifford, Esquire was appointed by the Office of Conflict Counsel to represent Defendant in connection with this Motion.  On June 30, 2022, the Court issued a scheduling order,[14] asking the defense counsel to file, within 90 days, either an amended motion under Rule 35, or if no meritorious claims for relief could be made, a motion to withdraw as counsel.  The Court also asked the State to respond by November 14, 2022.

(7)  On September 29, 2022, even though he had been assigned legal counsel, Defendant filed a *pro se* amended motion.[15]   On October 3, 2022, the defense counsel filed a motion to withdraw as counsel.[16]  In his motion to withdraw, defense counsel stated, "[a]fter thorough review of the record and relevant caselaw, Counsel

---

[11] D.I. 25.

[12] It appears that the Judge was unaware of this fact at the time he rendered his ruling on the motion.

[13] D.I. 30.

[14] The briefing schedule was ordered by the Court orally at a status conference.  *See* D.I. 33.

[15] D.I. 35.

[16] D.I. 36, *Mot. to Withdraw as Counsel*, filed by Benjamin S. Gifford IV, Esquire

cannot ethically advocate that Rule 35 serves as an appropriate vehicle by which Mr. Craig can obtain relief."[17]

(8) On October 17, 2022, Defendant filed a motion requesting an additional 90 days to file another amended motion.[18] Defendant stated that he had difficulty attempting to get in touch with his counsel, and the September 29 amended motion was filed solely out of concern that his counsel would miss the Court-imposed deadline.

(9) On October 26, 2022, the Court issued a scheduling order permitting Defendant to file another amended motion on or before November 25, 2022, and allowing the State to respond on or before by January 9, 2023.[19]

(10) On November 23, 2022, Defendant filed the instant Motion pursuant to Rule 35(a).[20] In the Motion, Defendant again argues that the Department of Corrections improperly applied Title 11 *Del.C.* § 4382 ("§4382") to his sentence, in effect, revoking good time that Defendant had not yet earned. Defendant asserts that, at the time of the 2012 conviction, he did not have any good time for the DOC to revoke because he had been serving a minimum mandatory Level V sentence, during which he was ineligible to earn good time.[21] Defendant appears to believe

---

[17] *Id.*
[18] D.I. 37.
[19] D.I. 39.
[20] D.I. 40.
[21] D.I. 40 at 2.

-4-

that the 894 total days of good time that the DOC revoked was, and could only be earned after 2015 when Defendant began serving a non-mandatory prison sentence. In terms of relief, Defendant requests that the Court either order the DOC to restore all of the good time that it revoked, or in the alternative, vacate his 2012 guilty plea and conviction.

(11)   On December 30, 2022, the State filed a response in opposition to Defendant's Motion ("State's Response").[22]   The State argues that the Defendant's sentence is legal and that the relief Defendant seeks is not available under Rule 35. The proper procedure by which Defendant can seek an order compelling DOC to restore his good time is a petition for a writ of mandamus.  The State cites *Twyman v. McBride*,[23] where the Supreme Court denied an inmate's petition for a writ of mandamus under virtually the same circumstances as in this case.

(12) Rule 35(a) provides that the Court may correct an illegal sentence at any time, and may correct a sentence imposed in an illegal manner within 90 days after the sentence is imposed.[24]  Pursuant to Rule 35(a), a sentence is illegal if it "exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required

---

[22] D.I. 41.
[23] 2020 WL 2989265 (Del. Jun. 4, 2020).
[24] Super. Ct. Crim. R. 35.

to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[25]

(13) Here, Defendant pleaded guilty to Promoting Prison Contraband, a Class F felony with a sentence of up to three years of Level V imprisonment.[26] The Court sentenced Defendant to three years at Level V, suspended after 12 months for probation. The Court's sentence falls within the three-year statutory limit for a Class F felony, and is therefore a legal sentence. No other potential violations of law exist with regard to the legality of the Court's sentence, and the Defendant does not make such assertion.

(14) The Court will not consider Defendant's Motion as a motion for sentence modification pursuant to Rule 35(b) because the Motion was filed well beyond the 90-day time limit and Defendant did not attempt to show that extraordinary circumstances excuse him from the procedural bar.[27] Moreover, the relief that Defendant requests is not a modification of his sentence, but rather, the restoration of good time that Defendant earned toward his release from that sentence.

---

[25] *Priest v. State*, 2015 WL 7424860, at *2 (Del. Nov. 20, 2015).
[26] *See* 11 *Del.C.* § 1256 Promoting prison contraband; class F felony; 11 *Del.C.* § 4205(b)(6).
[27] Super. Ct. Crim. R. 35(b).

(14) Although, the Court need not consider Defendant's Rule 35 Motion as a petition for a writ of mandamus,[28] it will address the mandamus argument for the sake of finality and fairness to Defendant.

(15) Good time consists of two types of credits: statutory credits and merit credits.[29] Pursuant to Title 11, Section 4382(a) of the Delaware Code,

> (a) Any person subject to the custody of the Department at Level IV or V shall, upon the conviction of any felony during the term of the sentence, forfeit all good time accumulated to the date of the criminal act; this forfeiture is not subject to suspension.[30]

(16) From August 31, 1995 until June 14, 2012, Defendant had earned "303 days of meritorious credit and 591 days [of] statutory good time", totaling 894 days.[31] In August 2018, DOC reviewed Defendant's file and determined that those 894 days had not been revoked, as they should have been, following Defendant's conviction. At that point, DOC corrected the oversight and revoked that portion of Defendant's good time, namely, those 894 days Defendant had earned from the beginning of his incarceration on August 31, 1995 until June 14, 2012, the date that Defendant committed the act underlying the contraband conviction.

---

[28] *Hawkes v. State*, 2009 WL 3087271, at *1 (Del. Sept. 28, 2009).
[29] 11 *Del. C.* § 4381(d).
[30] 11 *Del.C.* § 4382(a) (as current). On October 14, 2022, H.B. 394 of the 151st General Assembly, 83 Del. Laws, c. 467 § 1, amended this section, in relevant part, by changing "...upon conviction of any *crime*..." (as enacted in the Truth in Sentencing Act of 1989) to "...any *felony*...". In 2012, it read "any crime."
[31] Offender Status Sheet for Christopher Craig, Oct. 10, 2022 (D.I. 40).

(17) The crux of Defendant's argument is his belief that he could not have accumulated any good time during the period he was serving the mandatory portion of his sentence. This argument is misplaced. The DOC can properly aggregate mandatory and non-mandatory consecutive sentences to calculate an offender's total amount of good time for purposes of determining the offender's conditional release date.[32]

(18) The Superior Court may issue a writ of mandamus to the DOC to compel the performance of a duty if the petitioner can show, among other things, "a clear right to the performance of a duty..."[33] In *Twyman v. McBride*,[34] the Delaware Supreme Court addressed whether an inmate had a clear right to previously earned good time after it had been revoked pursuant to §4382(a). In 2001, the inmate, Twyman, had pled guilty to Murder Second Degree and Possession of a Firearm During the Commission of a Felony, and was sentenced to 30 years at Level V. In 2011, Twyman pled guilty to Promoting Prison Contraband and received a 90-day Level V sentence. Pursuant to §4382(a), DOC revoked all of Twyman's good time accumulated to the date of his criminal act. In 2019, Twyman filed a petition for a writ of mandamus seeking restoration of the good time he had forfeited. The Court

---

[32] DOC's policy of aggregating mandatory and non-mandatory sentences to calculate an inmate's total good time has been analyzed and approved by the Delaware Supreme Court. *See*, *Snyder v. Andrews*, 708 A.2d 237 (Del. 1998); *see also*, *Watson v. Burgan*, 610 A.2d 1364 (Del. 1992).

[33] *Smith v. McBride*, 2016 WL 4191928, at *1 (Del. Aug. 4, 2016).

[34] 2020 WL 2989265 (Del. Jun. 4, 2020).

dismissed the petition, finding that Twyman's plea conviction was dispositive of his guilt, and thus he could not show a clear right to restoration of his good time under §4382.

(19) Likewise here, Defendant, by virtue of his 2012 plea conviction, cannot show a clear right to restoration of his good time that was revoked pursuant to the operation of §4382.

(20) For the foregoing reasons, Defendant's Motion for Correction of Illegal Sentence is **DENIED** and Mr. Gifford's Motion to Withdraw is **GRANTED**.

**IT IS SO ORDERED.**

_____
**Sheldon K. Rennie, Judge**

Original to Prothonotary

cc:    Christopher Craig (SBI No. 00334574)
       Benjamin S. Gifford, Esq., Office of Conflict Counsel, Wilmington, DE
       Barzilai Axelrod, Esq., Deputy Attorney General, Wilmington, DE